No. 22-3022

---

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————————————

UNITED STATES OF AMERICA,

Appellee,

v.

ARTHUR ROWLAND,

Appellant.

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
(Crim. No. 2-18-cr-00579-002, District Judge: Gerald J. Pappert)

---

## APPELLANT'S COMBINED BRIEF
## AND JOINT APPENDIX VOLUME I OF IV

---

Richard J. Fuschino, Esquire
Counsel for Arthur Rowland
Law Office of Richard J. Fuschino
1600 Locust Street
Philadelphia, PA 19103
rjf@fuschinolaw.com

## Table of Contents

Table of Authorities ...................................................................................iv

Jurisdictional Statement ..............................................................................1

Statement of the Issues ...............................................................................1

Statement of Related Cases & Proceedings ...............................................1

Statement of the Case .................................................................................1

    I.    Facts .............................................................................................1

    II.   Procedural History .....................................................................12

    III.  Rulings Presented for Review ....................................................13

Summary of the Argument .........................................................................14

Argument....................................................................................................15

    I.    The evidence was insufficient as a matter of law to prove beyond a
        reasonable doubt that Mr. Rowland constructively possessed
        contraband ...................................................................................15

        A.   Standard of Review.............................................................15

        B.   Argument.............................................................................15

            1. Mr. Rowland did not constructively possess weapons or
            ammunition..................................................................19

            2. Mr. Rowland did not constructively possess narcotics.............22

    II.   The evidence was insufficient as a matter of law to prove beyond a
        reasonable doubt that Mr. Rowland conspired to distribute narcotics .24

        A.   Standard of Review.............................................................24

        B.   Argument .............................................................................25

Conclusion .................................................................................................28

Certifications of Bar Membership, Electronic Filing & Word Count ..................... 29

Certification of Word Count and Compliance with Typeface ................................. 29

Certification of Identical Compliance in Accordance with Local Rule 31.1(C) ..... 30

Certification of Virus Check Compliance ............................................................. 30

Certification of Service ......................................................................................... 30

# Table of Authorities

## Cases

**Cases**                                                                          **Page(s)**

*United States v. Brown*, 3 F.3d 673 (3d Cir. 1993) ........................ 14, 16-17, 19, 21

*United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014).................................... 15-16

*United States v. Frorup*, 963 F.2d 41 (3d Cir. 1992).................................................14

*United States v. Garth*, 188 F.3d 99 (3d Cir. 1999)..................................................16

*United States v. Gibbs*, 190 F.3d 188 (3d Cir. 1999).........................................25, 27

*United States v. Jenkins*, 90 F.3d 814 (3d Cir. 1996) ................. 16-17-18-19, 21-22

*United States v. Powell*, 113 F.3d 464 (3d Cir. 1997).............................................27

*United States v. Pressler*, 256 F.3d 144 (3d Cir. 2001)...............................25-26-27

*United States v. Rawlins*, 606 F.3d 73 (3d Cir. 2010) .............................................24

## Statutes

**Statutes**                                                                        **Page(s)**

18 U.S.C. § 3231 .........................................................................................................1

18 U.S.C. § 3742 .........................................................................................................1

FED. R. APP. P. 32(a)(5) ...........................................................................................29

FED. R. APP. P. 32(a)(6) ...........................................................................................29

FED. R. APP. P. 32(a)(7)(B) ......................................................................................29

FED. R. APP. P. 32(a)(7)(B)(iii) ................................................................................29

Third Circuit Local Rule 31.1(c) ..............................................................................30

21 U.S.C. § 841 ..................................................................................................12, 22

21 U.S.C. § 846 ..............................................................................................12, 22, 25

21 U.S.C. § 922 ................................................................................ 12-13, 19-20, 22

28 U.S.C. § 1291 ..................................................................................................... 1

## JURISDICTIONAL STATEMENT

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court exercises appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

I.   Was the evidence sufficient as a matter of law to prove beyond a reasonable doubt that Mr. Rowland constructively possessed contraband?

II.  Was the evidence sufficient as a matter of law to prove beyond a reasonable doubt that Mr. Rowland conspired to distribute narcotics?

## STATEMENT OF RELATED CASES

There have not been any related cases before this Court or any tribunal.

## STATEMENT OF THE CASE

**I.   Facts**

In January 2018, the Federal Bureau of Investigation ("FBI") was investigating Curshawn Banks for drug trafficking in Philadelphia. *See* Appx.253. In April 2018, as the investigation of Mr. Banks continued, agents received an

anonymous tip that Mr. Banks was receiving large amounts of methamphetamine from Edward Akwaboah in California. Appx.254.

The Government then applied for a Title III warrant for Mr. Banks's phones and recorded more than 1,000 conversations from August 1 to early December 2018. Appx.258-264. The FBI's investigation into Arthur Rowland began during this period.

Timothy Paul Buck, who lives in Florida, testified that he owned Apartments 7C and 14Q at the Park Plaza Condominiums ("Park Plaza") building, 3900 Ford Road, Philadelphia, Pennsylvania. *See* Appx.195-197. Park Plaza has a video security system at the front desk and other areas. *See* Appx.1165. On November 28, 2017, Mr. Buck leased Apartment 14Q to Mr. Rowland. *See* Appx.199-201. And to the best of Mr. Buck's knowledge, Mr. Rowland renewed the lease the following year. *See* Appx. 203. However, Mr. Buck never met or spoke to Mr. Rowland on the phone. Appx.212.

The lease for Apartment 14Q contained David Dixon's name, whom the FBI arrested sometime in 2022. *See* Appx.204, 634. That lease also indicated that Mr. Dixon is Mr. Rowland's brother. Appx.204.

Mr. Buck entered the apartment in April 2018 to ensure the unit remained occupied. *See* Appx.206. Later, he communicated via text message with someone he

believed to be Mr. Rowland, who was upset that Mr. Buck entered the apartment without prior notice. *See* Appx.206-207.

Robert Purnell testified that he worked at the Park Plaza's concierge desk. *See* Appx.403. He believed that, in July 2018, Mr. Rowland resided in Apartment 14Q. *See* Appx.409. However, Mr. Purnell did not often see Mr. Rowland at Park Plaza. Appx.412. And Mr. Purnell was unaware that any women or children were associated with the apartment. *Id.*

Guerschon Dede testified that he is the property manager at Park Plaza. *See* Appx.412-413. He believed that Arthur Rowland was the tenant in Apartment 14Q. Appx.418. However, in July 2018, Mr. Dede also associated Mr. Dixon with the apartment. *See* Appx.423-424. Mr. Dede stated that in 2018 he saw Mr. Dixon at Park Plaza at least once a week but did not encounter Mr. Rowland as often. Appx.425.

Mr. Dede stated that in May 2018, Mr. Rowland submitted a written request for the installation of a new carpet, Appx.417-420, and parked blue and red cars in Park Plaza's underground structure, *see* Appx.421, 432. But Mr. Dede never saw Mr. Rowland drive either car. Appx.430, 434.

Mr. Akwaboah, an illegal immigrant from Ghana, an admitted drug dealer since 2007, and a cooperating witness, testified on behalf of the Government. *See* Appx.493-504. After Mr. Akwaboah pleaded guilty to distributing narcotics in

California, Illinois, and Pennsylvania, he was sentenced to thirty years of imprisonment. Appx.504. And his plea agreement allowed him to reduce his sentence if he testified against others. *See* Appx.504-507.

Mr. Akwaboah stated that he had never met or communicated with Mr. Rowland. Appx.555. Furthermore, he never mailed methamphetamine to Mr. Rowland. *Id.*

Mr. Banks was one of Mr. Akwaboah's three Philadelphia customers and primary contact for selling methamphetamine. *See* Appx.510-531. Mr. Akwaboah would mail the narcotics from California to Mr. Banks via the United States Postal Service or Federal Express ("FedEx"). *See* Appx.511-512. Mr. Banks provided the mailing addresses to Mr. Akwaboah. And Mr. Banks paid for the drugs by depositing money into different bank accounts. Appx.771.

Mr. Akwaboah testified that he knew Mr. Banks as a hustler and did not trust him because he was a liar. *See* Appx.522. Mr. Banks would say things simply "to get his way." Appx.529.

Mr. Banks, another drug dealer and a cooperating witness, testified that he had dealt drugs for about fifteen years before Government agents arrested him on December 14, 2018, on an airplane that departed from Los Angeles. *See* Appx.593-596. Mr. Banks was in Los Angeles to buy methamphetamine from Mr. Akwaboah, then package and send the narcotics to Philadelphia. *See* Appx.595.

Mr. Banks stated that he pleaded guilty to trafficking methamphetamine and faced a mandatory minimum sentence of fifteen years of incarceration and a maximum sentence of life imprisonment. Appx.599-603. But he hoped that his cooperation, including his testimony against Mr. Rowland, would earn him an almost-immediate release from prison. Appx.607.

Mr. Banks testified that he had known Mr. Rowland for approximately five or six years. Appx.858. Mr. Banks said he sold methamphetamine to Mr. Rowland, who lived in an apartment at 3900 Ford Road, Philadelphia. Appx.609-611. Mr. Banks visited Mr. Rowland three or four times. Appx.610-611. During one of those visits to the apartment, Mr. Banks claimed that Mr. Rowland showed him his "stash spot" in a bedroom for hiding guns in a dresser with a television on top. *See* Appx.612-614. And Mr. Banks told FBI agents about the "stash spot" when he was arrested. Appx.611.

Mr. Banks described how he packaged the methamphetamine he bought from Mr. Akwaboah in Los Angeles and sent it to Philadelphia. Appx.627-628. Sometimes, the packages were destined for Mr. Banks's address. Appx.628. Mr. Banks claimed that at other times, Mr. Rowland provided the addresses. *Id.* Mr. Banks testified that those addresses included Tiffany Lane and East Drive, Willingboro, New Jersey. *See* Appx.692.

Mr. Banks estimated that in 2018, he shipped thousands of pounds of methamphetamine from Los Angeles to Philadelphia. Appx.619. He stated that his two main Philadelphia-based customers for buying the drug were Mr. Rowland and Hakim Williams. Appx.619-621.

The Government introduced into evidence text messages and recordings of conversations from Mr. Banks's phone that the Government intercepted via a wiretap. *See* Appx.641. Special Agent Elizabeth Becker testified that she listened to calls the Government intercepted from Mr. Banks's phone. *See* Appx.830. She stated that Messrs. Banks and Rowland frequently spoke to each other. *Id.*

Mr. Banks testified about some of those calls between him and Mr. Rowland. *See* Appx.655. Mr. Rowland repeatedly used the word "jawn" during the conversations *Id.*, Appx.656-659. Mr. Banks claimed that Mr. Rowland was referring to methamphetamine. Appx.656, 670. However, Mr. Banks said "jawns" several times in a different discussion involving the men. Appx.664-665. But in that instance, Mr. Banks testified that the word did not refer to methamphetamine but pertained to mailing address information from Mr. Rowland for sending methamphetamine. *Id.*

Mr. Banks identified pictures of screenshots from video calls between him and Mr. Rowland. *See* Appx.734, 736. Those screenshots included locations in New Jersey where, according to Mr. Banks's testimony, Mr. Rowland instructed Mr.

Banks to send methamphetamine. *Id.* However, the Government did not introduce any evidence of narcotics trafficking at these addresses.

Mr. Banks reviewed one text message extracted from his phone and testified that in the message, he instructed Mr. Williams to meet Mr. Rowland to pick up money for drugs. Appx.845-847. Mr. Banks claimed that in one photo, another screenshot from a video call, Mr. Rowland's face "is set into a picture of" a pound of methamphetamine. *See* Appx.803.

Mr. Banks stated that Mr. Rowland owned a burgundy Maserati and a blue Ford vehicle that Mr. Banks rode in. Appx.764. Next, Mr. Banks identified a photograph extracted from his phone that showed an address to which he allegedly sent drugs. *See* Appx.765. The picture revealed some fingers touching the paper on which the address was written. Appx.765-766. Mr. Banks claimed they were Mr. Rowland's tattooed fingers. *Id.*

The Government introduced into evidence text messages and receipts from Uber rides as it tried to prove that: Mr. Banks directed Mr. Williams to pick up money from Mr. Rowland; Mr. Williams traveled to meet Mr. Rowland; and then Mr. Williams deposited thousands of dollars into a bank account. *See*, *ex.*, Appx.869-870.

Eric Frank, a police sergeant in the City of Brea, Orange County, California, testified that in late November 2018, he confiscated three packages that a FedEx

security operations manager had interdicted. *See* Appx.818-829. Each was addressed to locations in the Philadelphia area. *Id.* Two of the packages contained methamphetamine, and the other had marijuana in it. Appx.832.

Philadelphia Police Officer Anthony Colarulo conducted surveillance at 3900 Ford Road, Philadelphia, on at least thirty occasions during the Government's investigation of Mr. Rowland. Appx.819-819. The officer never saw Mr. Rowland during that time. Appx.819. Furthermore, the officer investigated the vehicle information for the two cars associated with Apartment 14Q. Appx.820-821. Neither vehicle was registered to 3900 Ford Road or Mr. Rowland. Appx.821. And Officer Colarulo never saw Mr. Rowland drive the cars. Appx.822.

Officer Colarulo testified that he confiscated a package at the Bellmawr, New Jersey, postal facility. Appx.809. The box, addressed to Tiffany Lane, Willingboro, New Jersey, contained "1818.6 grams of a mixture and substance containing a detectable amount of methamphetamine" and approximately 1600.3 grams of 88 percent pure methamphetamine. Appx.817.

On December 14, 2018, FBI agents executed search and arrest warrants at 3900 Ford Road, Apartment 14Q, where they believed Arthur Rowland to be. Appx.083-085. After the agents breached the front door, Mr. Rowland exited the two-bedroom apartment and was arrested. Appx.095-096, 157. Agents did not arrest Stacei Woods, who was also in the apartment. Appx.096.

The agents searched Apartment 14Q's kitchen and found drugs in an oven drawer. Appx.101. The authorities also recovered a scale in "the kitchen area," Appx.107, a loaded handgun located in a backpack in a closet near the apartment's front door, *see* Appx.109-112, and an envelope with an address in Gloucester City, New Jersey, written on it, Appx.132. None of these items were visible if one casually walked around the apartment. *See* Appx.162.

There were indications that several people stayed in Apartment 14Q. *See* Appx.131. The agents saw children's and women's clothes in a spare bedroom. *See* Appx.131-132.

The authorities seized $7,000 cash and a wallet from jogging pants in the living room. *See* Appx.118-119, 175. The wallet contained Mr. Rowland's credit and debit cards as well as his license. App.139. There was no evidence that the address on the license matched the address for Apartment 14Q. The agents found a loaded high-capacity magazine in a box, Appx.114-115, and about $10,000 cash "in the guts of" a couch in the living room. Appx.120. In the dining room area, the agents discovered "some kind of a bracelet with a date on it in what looks like a diamond, and . . . a necklace with B-O on it and what looks like diamonds . . . ." Appx.123. Agents recovered phones from the apartment and searched two vehicles in the underground parking garage. *See* Appx.123-128.

Special Agent Korinna George seized a gray Maserati, which Officer Colarulo observed Mr. Banks driving, from the parking area below Park Place. Appx.781, 805. The agent drove the car to an impound lot after the keys were recovered in the search of Apartment 14Q. *See id.*

The federal authorities returned to Apartment 14Q at about noon that day after receiving information from Mr. Banks that a rifle was in a spare bedroom TV stand. *See* Appx.134, 169, 172. They encountered Tonine Rowland and several other people in the apartment. Appx.134-138. Ms. Rowland allowed the agents to search her vehicle in the loading dock area. Appx.139. And they found the TV stand with two guns and two magazines inside a secret compartment. Appx.140-144.

The Government then entered stipulations into evidence:

> Government's Exhibit 112, which [was] one of the rifles that you were shown, is a firearm as defined by 18 United States Code Section 921(a)(3), in that it is a weapon which will and is designed to expel a projectile by the action of an explosive. Two, Government Exhibit 111, which [was] the other rifle . . . , is also a firearm as defined by 18 USC Section 921(a)(3) in that it is a weapon which will and is designed to expel a projectile by the action of an explosive. Third, that Government Exhibit 110A, which [was] the 73 rounds of 7.62-millimeter ammunition . . . , is ammunition as defined by 18 USC Section 921(a)(17). Fourth, Government Exhibit 113, which was the SIG SAUER handgun, is a firearm as defined by 18 USC Section 921(a)(3) in that it is a weapon which will and is designed to expel a projectile by the action of an explosive. Five, Government Exhibit 113B, which [was] the ten rounds of 9-millimeter ammunition that went with the pistol, is

ammunition as defined by 18 United States Code Section 921(a)(17).

Stipulation 12, Government Exhibit 106, which [was] the item wrapped in orange plastic and a sandwich bag item from 3900 Ford Road contains approximately 592.2 grams of a mixture and substance containing a detectable amount of methamphetamine and approximately 580.3 grams of methamphetamine, a Schedule II controlled substance. When tested by an appropriately qualified chemist at the DEA laboratory, it was determined that the mixture and substance containing methamphetamine in this exhibit was 98 percent pure methamphetamine. Stipulation 13, Government Exhibit 107, which [was] the item wrapped in orange plastic from 3900 Ford Road, contained approximately 432.1 grams of a mixture and substance containing a detectable amount of methamphetamine and approximately 432.1 grams of methamphetamine, a Schedule II controlled substance.

When tested by an appropriately qualified chemist at the DEA laboratory, it was determined that the mixture and substance containing methamphetamine in these exhibits were 100 percent pure methamphetamine.

Appx.181-183.

The Government did not conduct DNA, fingerprint, or other scientific analysis on the guns and narcotics in Apartment 14Q to independently attribute them to Mr. Rowland. Appx.923.

Special Agent Elizabeth Becker testified that she extracted a photograph from a cell phone recovered in Apartment 14Q. Appx.292. The special agent stated that she extracted the photo because the picture showed Mr. Rowland's tattoos on his left hand and fingers. Appx.293. And the agent testified that she believed that a pink

iPhone found in a blue Ford sedan parked in the garage of 3900 Ford Road belonged to Mr. Rowland because the phone contained a copy of the apartment's lease and a photograph of an individual with tattoos resembling Mr. Rowland's holding stacks of cash, as well as due to the contents of the phone's text messages. Appx.295, 345, 353. However, the agent never saw Mr. Rowland in the blue vehicle. *See* Appx.399. And the car was not registered to him. Appx.402.

Drug Enforcement Administration Special Agent Eugene Giallombardo testified as an expert in narcotics and narcotics trafficking, including using firearms in narcotics trafficking. *See* Appx.450-456. The special agent opined that the quantity of methamphetamine confiscated from Apartment 14Q was consistent with narcotics distribution, not personal use. Appx.468.

## II.    Procedural History

The Government indicted Mr. Rowland for conspiracy to distribute 500 grams or more of methamphetamine and marijuana[1]; possession with intent to distribute methamphetamine, aiding and abetting[2]; possession with intent to distribute methamphetamine[3]; possession of a firearm and/or ammunition by a felon[4]; and

---

[1] 21 U.S.C. § 846.

[2] 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.

[3] 21 U.S.C. § 841(a)(1), (b)(1)(A).

[4] 18 U.S.C. § 922(g)(1).

possession of a firearm in furtherance of drug trafficking crime[5]. Appx.035. After the Government concluded its case-in-chief in the jury trial before the Honorable Gerald J. Pappert, Mr. Rowland moved for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, which the District Court denied. Appx.1189-1191. The jury then acquitted Mr. Rowland of possessing a firearm in furtherance of a drug trafficking crime and convicted him of the other charges. Appx.027.

Judge Pappert sentenced Mr. Rowland to 480 months of imprisonment on the drug charges and 120 months of incarceration on the gun charge. Appx.028. His Honor ordered the sentences to run concurrently. *Id.*

This timely appeal followed the judgment of conviction. *See* Appx.025.

### III.   Rulings Presented for Review

Mr. Rowland appeals the District Court's judgment of sentence. Appx.027.

---

[5] *Id.*

## SUMMARY OF THE ARGUMENT

I.      The evidence did not prove that Mr. Rowland constructively possessed guns, ammunition, or narcotics because the Government did not prove he knowingly had the power and the intention to exercise dominion or control over the contraband, directly or through another person. As a result, the evidence was insufficient to sustain the verdict, and this Court should vacate the judgment of sentence at counts two through four as well as six and enter a judgment of acquittal.

II.     The evidence did not prove Mr. Rowland conspired to distribute narcotics. The quantity and quality of the Government's evidence did not establish every element of the crime beyond a reasonable doubt because the Government did not demonstrate the existence of an agreement between Mr. Rowland and at least one other person. As a result, the Court should set aside his conviction on count one.

# ARGUMENT

**I.    The evidence was insufficient as a matter of law to prove beyond a reasonable doubt that Mr. Rowland constructively possessed contraband.**

## A.    Standard of Review

"In reviewing a jury verdict for sufficiency of the evidence, [this Court] 'must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.'" *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993) (quoting *United States v. Frorup*, 963 F.2d 41, 42 (3d Cir. 1992)).

## B.    Argument

The evidence did not prove that Mr. Rowland constructively possessed guns, ammunition, or narcotics because the Government did not prove he knowingly had the power and the intention to exercise dominion or control over the contraband. As a result, the evidence was insufficient to sustain the verdict, and this Court should vacate the judgment of sentence and enter a judgment of acquittal.

Every charge the Government brought against Mr. Rowland included as an element that he possessed contraband, whether it be guns or drugs. *See* Appx.035. And the Government failed to prove that he possessed any contraband. Possession can be actual or constructive. *United States v. Caldwell*, 760 F.3d 267, 278 (3d Cir. 2014). Actual possession arises when a person exercises direct physical control over

contraband. *Id.* Constructive possession results when "[a] person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." *United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999).

Dominion and control are not established by mere proximity to contraband, mere presence on the property where contraband is located, or mere association with the person who controls contraband. Mr. Rowland's case presents this Court with similar circumstances to *United States v. Brown*, 3 F.3d 673, and *United States v. Jenkins*, 90 F.3d 814 (3d Cir. 1996).

In *Brown*, the defendant and two others were charged and convicted of crimes relating to trafficking drugs. *Brown*, 3 F.3d at 675-76. The police were searching a house for narcotics when the defendant arrived home and opened the front door with her key. *Id.* at 675. Officers arrested her, brought her inside, and questioned her about a pair of shorts they found in an upstairs room. *Id.* She admitted the shorts were hers, and when the police removed a knife from the pocket, she said it was hers. *Id.* The defendant claimed, "You can't arrest me because I am in my own house." *Id.* Officers recovered narcotics throughout the house, including the kitchen and the bedrooms, but not the room where the police recovered the defendant's shorts. *Id.*

To prove that the defendant constructively possessed the drugs, the Government focused its arguments on the defendant's possession of a key to the

house, her attempted entry using the key, the presence of her shorts and a weapon in the house, her statement that she was in her "own house," and the fact that the house was a "cut house," where drugs were distributed. *Id.* at 680-81. The defendant argued that there was no evidence of her fingerprints on any of the drugs and that her shorts and knife were in a room where the officers did not find narcotics. *Id.* at 681. At the close of the evidence, the defendant moved for a judgment of acquittal, which the district court denied. *Id.* at 676. After she was convicted, the defendant appealed, and this Court reversed. *See id.* at 684.

The *Brown* Court held that, though the evidence may have been sufficient to show that the defendant lived in the house and knew that drugs were in it, the evidence was insufficient to support a finding that she exercised dominion and control over the narcotics. *Id.* at 681. The Court noted that none of the defendant's possessions were found in a room where drugs were found, her fingerprints were not found on any narcotics or paraphernalia, and there was no other evidence that she exerted any control over the drugs or drug paraphernalia. *Id.* at 682-683. Accordingly, the evidence was insufficient to establish constructive possession. *Id.* at 683.

In *United States v. Jenkins*, Philadelphia Police responded to a call about gunshots near an apartment building. *Jenkins*, 90 F.3d at 816. The police pursued the suspect through the building into an apartment, and when they entered it, they

encountered the defendant and another man seated on a couch. *Id.* The two men wore only underwear as well as t-shirts and were sitting behind a coffee table with three bags of white powder containing cocaine and non-cocaine white powder, two triple-beam scales, two loaded .38 caliber revolvers, small Ziplock-style bags, clear plastic vials, and numerous red caps. *Id.*

The defendant was charged with possessing cocaine with intent to traffic it. *Id.* at 817. During the defendant's trial, there was no evidence that either man had touched the cocaine – no residue was found on them or the scales, and neither man tried to destroy any of the contraband. *Id.* at 816-17. The defendant was not a resident of the apartment, but the building manager described the defendant as "in and out" of the apartment. *Id.* After the Government's case, the defendant moved for a judgment of acquittal, which the district court denied. *Id.* at 817. After he was convicted, the defendant appealed, and this Court reversed the district court's order denying the defendant's motion for a judgment of acquittal. *Id.* at 820.

The issue was whether sufficient evidence existed to establish the defendant's constructive possession of the contraband on the table. *See id.* at 817. The Court noted that the degree of proximity of the defendant or their personal items to contraband is not a controlling factor. *Id.* at 819. And the Court expounded on its decision in *Brown* by explaining that because the defendant lived in a house that contained narcotics in several rooms, it was inevitable that she would have regularly

entered those rooms where the police found narcotics. *Id.* Nevertheless, the defendant's visits to those rooms, so long as they were not connected to drug activities, did not matter because her residence in the house was insufficient to prove dominion and control over the drugs. *Id.*

Applying *Brown*, the *Jenkins* Court held that "[a] reasonable jury may not infer dominion and control beyond a reasonable doubt from the defendant's physical distance from the drugs alone." *Id.* at 820. The Court ruled that the clothes the defendant wore, which indicated that he had been in the apartment for a long time or planned to stay, and the presence of the scales, were not enough to show his dominion and control over the contraband since there was no evidence that the defendant's fingerprints were on the contraband items, he was not observed using the items, and there was no drug residue on the defendant. *Id.* Thus, the Court determined that the evidence was insufficient to establish constructive possession. *See id.* at 821. Mr. Rowland's case is similar to *Brown* and *Jenkins*. Accordingly, this Court should vacate his convictions.

### 1.    Mr. Rowland did not constructively possess weapons or ammunition.

The evidence, even when viewed in the light most favorable to the Government, was insufficient to sustain Mr. Rowland's conviction of 18 U.S.C. § 922(g)(1) because the Government failed to prove beyond a reasonable doubt that he actually or constructively possessed the weapons and ammunition recovered in

the search of Apartment 14Q. Accordingly, this Court should vacate the sentence on count six.

18 U.S.C. § 922(g)(1) states, "It shall be unlawful for any person-- (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(1). Since there was no evidence of actual possession, the Government relied on a theory of constructive possession to prove its case against Mr. Rowland. But the evidence did not support a finding that he had dominion and control over the firearms or ammunition.

There was no credible, independent evidence that Mr. Rowland knew about or touched the firearms. The FBI agents found a handgun in a backpack in a closet, Appx.110, and assault rifles in a secret compartment in a piece of furniture in a spare bedroom, *see* Appx.146. But the Government could not connect Mr. Rowland to those concealed weapons because the FBI agents did not recover any of his belongings in that backpack or spare bedroom. Moreover, although the authorities conducted significant surveillance in this case, there were no photographs of Mr. Rowland with the backpack. And there were no intercepted phone calls or text messages that contained him speaking about the backpack or the secret compartment in the piece of furniture. Furthermore, even though the Government certainly possessed the resources to do so, it chose not to conduct scientific testing on the

weapons. And while DNA or fingerprint tests on the firearms could have provided irrefutable evidence that Mr. Rowland handled them, the Government decided not to pursue this type of evidence.

The Government did not prove Mr. Rowland "knowingly ha[d] both the power and the intention at a given time to exercise dominion or control over" the contraband. *Brown*, 3 F.3d at 680. The evidence established his mere presence at the property where the authorities found firearms, but there was nothing more. Thus, this case is like *Brown*, where the defendant lived in a home that contained contraband, kept possessions there, and would have been near the contraband frequently because it was found in the kitchen and bedrooms. *See id.* at 675. And applying the Court's decision in *Brown*, this Court should rule that the evidence was not sufficient to prove beyond a reasonable doubt that Mr. Rowland constructively possessed the recovered firearms.

The evidence was similarly deficient to prove Mr. Rowland had constructive possession over the ammunition recovered. The authorities found ammunition in plain view in a box in Apartment 14Q's living room. But there was no evidence to prove Mr. Rowland exercised dominion and control over the contraband. For example, neither his DNA nor his fingerprints were on the ammunition. Therefore, the evidence was not sufficient because *Jenkins* makes clear that even if one is sitting

21

directly next to contraband and is aware of its presence, more evidence is necessary to prove constructive possession. *See Jenkins*, 90 F.3d at 820.

Thus, the Government's evidence was insufficient to support the jury's finding that Mr. Rowland constructively possessed the guns and ammunition that the authorities recovered. Accordingly, the Court should overturn his conviction of 18 U.S.C. § 922(g)(1).

### 2.    Mr. Rowland did not constructively possess narcotics.

The evidence was insufficient to convict Mr. Rowland of possession with intent to distribute methamphetamine as well as aiding and abetting possession with intent to distribute methamphetamine. The evidence did not establish his dominion and control over the drugs, only his "mere proximity" to the drugs, mere presence on the property where the drugs were located, or mere association with the person who controlled the drugs. *Jenkins*, 90 F.3d at 818. Thus, this Court should vacate his convictions on counts two, three, and four.

The Government charged Mr. Rowland with possessory offenses related to narcotics under 21 U.S.C. §§ 841 and 846. *See* Appx.035. Since Mr. Rowland was not in actual possession of drugs when he was arrested, the Government relied on a theory of constructive possession to prove its case. However, the evidence was insufficient as a matter of law.

When they searched Apartment 14Q, FBI agents found methamphetamine in an oven drawer and a scale in the kitchen area. Appx.101, 107. There was $10,000 cash in "the guts of" a couch in the living room. Appx.120. But these items were not visible if one casually walked around the apartment. *See* Appx.162. The agents also recovered $7,000 cash and a wallet that contained Mr. Rowland's IDs in a pair of jogging pants in the living room. *See* Appx.118-119.

The dearth of evidence regarding dominion and control over the narcotics is compelling. The evidence proved that Mr. Rowland was merely present in an apartment where authorities found methamphetamine. There was no direct evidence of Mr. Rowland's fingerprints on the drugs inside the oven drawer or on the scale in the same room. There was no drug residue on his clothing or person. In fact, there was no proof, such as surveillance photographs or witness testimony, to show that Mr. Rowland was ever in that room.

Furthermore, the scale the authorities recovered did not have narcotics residue. No plastic bags or similar packaging materials for drug distribution were found in the apartment. And although there were many hours of secretly recorded conversations, Mr. Rowland never said "drugs" or "meth," and an expert did not opine that he spoke to someone using coded language referring to narcotics.

The circumstantial evidence did not prove that Mr. Rowland constructively possessed narcotics. FBI agents did not find his fingerprints or belongings in the

kitchen, where they recovered drugs. None of Mr. Rowland's identification cards contained the address of the apartment where the authorities recovered the narcotics. No utility bills or other records were introduced into evidence to show that Mr. Rowland lived in Apartment 14Q. Thus, while the evidence placed Mr. Rowland in the apartment on the day of his arrest and at some previous point, it proved nothing further.

Accordingly, viewing the record in the light most favorable to the government, a rational trier of fact could not find that more than mere proximity or presence connected Mr. Rowland to the narcotics. Thus, since the evidence was insufficient to prove beyond a reasonable doubt that Mr. Rowland constructively possessed drugs, this Court should reverse his convictions on counts two, three, and four.

## II.   The evidence was insufficient as a matter of law to prove beyond a reasonable doubt that Mr. Rowland conspired to distribute narcotics.

### A.   Standard of Review

This Court will sustain a jury verdict if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the crime's essential elements beyond a reasonable doubt. *United States v. Rawlins*, 606 F.3d 73, 80 (3d Cir. 2010) (citation omitted).

**B.    Argument**

The evidence was insufficient to prove Mr. Rowland conspired to distribute narcotics. The quantity and quality of the Government's evidence did not prove every element of the crime beyond a reasonable doubt because the Government did not demonstrate the existence of an agreement between Mr. Rowland and at least one other person. As a result, the Court should set aside his conviction on count one.

The Government charged Mr. Rowland with conspiracy to distribute 500 grams or more of methamphetamine and marijuana in violation of 21 U.S.C. § 846. Appx.035. The elements of a charge of conspiracy are (1) "a unity of purpose between the alleged conspirators;" (2) "an intent to achieve a common goal;" and (3) "an agreement to work together toward that goal." *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). "The final factor—an agreement between the defendant and some other person—is the essence of the offense, and there is no lesser standard for proving an agreement in drug cases." *United States v. Pressler*, 256 F.3d 144, 147 (3d Cir. 2001).

There is no conspiracy unless the defendant agrees to work with someone else. *Id.* at 149. "[A] conspiracy requires an agreement to commit some other crime beyond the crime constituted by the agreement itself." *Gibbs*, 190 F.3d at 197. And the mere fact that a defendant comprehends that a person from whom he buys or sells drugs also sells drugs to others is insufficient proof that the defendant and the

other person are conspirators. *Pressler*, 256 F.3d at 153. "[A] simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy." *Gibbs*, 190 F.3d at 197. In Mr. Rowland's case, there was simply no evidence that Mr. Rowland ever agreed to work with anyone to achieve a common goal or advance a common interest.

The evidence was insufficient to convict Mr. Rowland of conspiring to distribute narcotics. Even if this Court determines that he possessed and trafficked methamphetamine (he did not), the evidence did not prove beyond a reasonable doubt that he joined a more extensive operation to sell drugs.

The evidence did not prove that Mr. Rowland joined an overarching conspiracy. The Government first called Mr. Akwaboah—a convicted drug trafficker and cooperating witness—as a witness. He stated that he sold drugs to Mr. Banks. Mr. Akwaboah testified that he never met or communicated with Mr. Rowland.

Mr. Banks, another career drug dealer and a cooperating witness, also testified. Mr. Banks said he bought drugs from Mr. Akwaboah and sold them to Mr. Rowland. But what Mr. Banks did not say spoke volumes.

There was no evidence that Mr. Rowland participated in Mr. Banks's conspiracy with Mr. Akwaboah to sell narcotics. Mr. Rowland did not travel to

California with or without Mr. Banks to buy drugs from Mr. Akwaboah. The Government did not introduce into evidence recorded phone calls involving Mr. Banks, Mr. Akwaboah, and Mr. Rowland. Furthermore, there was no direct evidence, such as photographs, recorded conversations, or text messages in evidence to prove that Mr. Rowland paid anyone but Mr. Banks for the methamphetamine that he allegedly received.

Other indicia of a conspiracy were lacking in this case. For example, Mr. Rowland did not pool his efforts with Mr. Banks or anyone else to distribute drugs. *Cf. United States v. Powell*, 113 F.3d 464 (3d Cir. 1997) (Defendant convicted of conspiracy to distribute narcotics, where there was a great deal of evidence that he and his brother pooled their efforts.). There was no evidence Mr. Rowland offered to provide physical protection for Mr. Banks, and there was no evidence that Mr. Banks sold methamphetamine to Mr. Rowland on credit. *Cf. Gibbs*, 190 F.3d at 200–01 (cooperative relationship to traffic drugs, where buyer offered physical protection and buyer bought narcotics on credit). Accordingly, the government did not present any credible evidence to prove that Mr. Rowland joined a larger operation to sell drugs.

"[A] conspiracy conviction may stand only if the Government proves the existence of an underlying agreement." *Pressler*, 256 F.3d at 157. Here, there was no evidence from which the jury could infer that Mr. Rowland agreed to a shared

endeavor with anyone. Thus, the evidence was insufficient to convict him of conspiracy to violate the federal drug laws.  As a result, this Court should vacate his convictions on count 1.

## CONCLUSION

The evidence was insufficient as a matter of law to sustain Mr. Rowland's convictions. Therefore, this Court should vacate his judgments of sentence.

Respectfully,

*/s/ **Richard Fuschino***
Richard J. Fuschino, Esquire
Counsel for Arthur Rowland
Law Office of Richard J. Fuschino
1600 Locust Street
Philadelphia, PA 19103
rjf@fuschinolaw.com

## CERTIFICATION OF BAR MEMBERSHIP

I certify that I am a member in good standing of the bar in the United States Court of Appeals for the Third Circuit.

Date: June 26, 2023                    Respectfully,

*/s/ Richard Fuschino*
Richard Fuschino, Esquire

## CERTIFICATIONS OF WORD COUNT AND COMPLIANCE WITH TYPEFACE

I certify and affirm the following under penalty of perjury:

1. This brief complies with FED. R. APP. P. 32(a)(7)(B) in that it contains 6,877 words, excluding the part of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) in that the brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Date: June 26, 2023                    Respectfully,

*/s/ Richard Fuschino*
Richard Fuschino, Esquire

## CERTIFICATION OF IDENTICAL COMPLIANCE IN ACCORDANCE WITH LOCAL RULE 31.1(c)

I certify that the text of the paper copies of this brief and the text of the PDF version of this brief filed electronically with the Court today are identical.

Date: June 26, 2023                    Respectfully,

*/s/ Richard Fuschino*
Richard Fuschino, Esquire

## CERTIFICATION OF VIRUS CHECK COMPLIANCE

Pursuant to Local Rule 31.1(c), this document has been scanned for viruses and is reported by Malwarebytes to be virus free as of the date it was scanned. All reasonable measures are taken to protect all documents produced by my office, but we cannot guarantee against viruses that have yet to be discovered.

Date: June 26, 2023                    Respectfully,

*/s/ Richard Fuschino*
Richard Fuschino, Esquire

## CERTIFICATION OF SERVICE

I certify that on or about June 26, 2023, I will cause to be served upon the Clerk of the Court seven copies of Appellant's Brief and four copies of the Appendix via U.S. mail addressed as follows:

30

Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790


Additionally, I certify that on or about June 26, 2023, I will cause to be served

upon counsel for Appellees one copy each of Appellant's Brief and one paper copy

each of the Appendix via U.S. regular mail at the address listed below:

Paul G. Shapiro, Esquire
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
paul.shapiro@usdoj.gov


Date: June 26, 2023                    Respectfully,

                                       */s/ Richard Fuschino*
                                       Richard Fuschino, Esquire

31

No. 22-3022

---

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

v.

ARTHUR ROWLAND,

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
(Crim. No. 2-18-cr-00579-002, District Judge: Gerald J. Pappert)

---

## JOINT APPENDIX VOLUME I OF IV

---

Richard J. Fuschino, Esquire
Counsel for Arthur Rowland
Law Office of Richard J. Fuschino
1600 Locust Street
Philadelphia, PA 19103
rjf@fuschinolaw.com

# TABLE OF CONTENTS

## <u>Joint Appendix Volume I of IV</u>

United States District Court Docket Sheet ..................................................Appx.001

Notice of Appeal .......................................................................................Appx.025

Judgment – Sentencing Order....................................................................Appx.027

Second Superseding Indictment.................................................................Appx.035

## <u>Joint Appendix Volume II of IV</u>

Trial Transcript, February 14, 2022...........................................................Appx.057

Trial Transcript, February 15, 2022...........................................................Appx.306

## <u>Joint Appendix Volume III of IV</u>

Trial Transcript, February 16, 2022...........................................................Appx.566

Trial Transcript, February 17, 2022...........................................................Appx.774

## <u>Joint Appendix Volume IV of IV</u>

Trial Transcript, February 18, 2022...........................................................Appx.944

Trial Transcript, February 19, 2022.........................................................Appx.1102

CLOSED,APPEAL,FORFEITURE

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CRIMINAL DOCKET FOR CASE #: 2:18-cr-00579-GJP-2

Case title: USA v. BANKS et al

Date Filed: 12/12/2018

Date Terminated: 10/14/2022

Assigned to: HONORABLE GERALD J. PAPPERT

Appeals court case numbers: 22-3022 USCA for the Third Circuit, 23-1821 USCA for the Third Circuit

**Defendant (2)**

**ARTHUR ROWLAND**
*TERMINATED: 10/14/2022*

represented by **ARTHUR ROWLAND**
76947-066
USP HAZELTON
PO BOX 2000
BRUCETON MILLS, WV 26525
PRO SE

**JOSEPH D. MANCANO**
Law Offices of Joseph D. Mancano
353 West Lancaster Avenue
Suite 300
Wayne, PA 19087
215-399-5806
Fax: 215-399-5805
Email: jdm@mancanolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**RICHARD J. FUSCHINO , JR.**
LAW OFFICE OF RICHARD J. FUSCHINO
1600 LOCUST ST
PHILADELPHIA, PA 19103
215-568-1442
Fax: 215-568-1449
Email: rjf@fuschinolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**GUY R. SCIOLLA**
GUY R. SCIOLLA ATTORNEY AT LAW

1910 LAND TITLE BUILDING
100 SOUTH BROAD STREET
PHILADELPHIA, PA 19110
215-972-1544
Fax: 215-972-1545
Email: guyrsciolla@aol.com
*TERMINATED: 10/19/2021*
*Designation: Retained*

**PANTELLIS PALIVIDAS**
ELLIS LEGAL, LLC
100 S. BROAD STREET
SUITE 1910
PHILADELPHIA, PA 19110
631-972-8616
Email: ellis@ellis-legal.com
*TERMINATED: 10/19/2021*
*Designation: Retained*

**WILLIAM BRENNAN**
LAW OFFICES OF WILLIAM J.
BRENNAN
1600 LOCUST ST
PHILADELPHIA, PA 19103
215-568-1400
Email:
brennanlaw@philadelphiacriminallaw.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846 - CONSPIRACY TO DISTRIBUTE 500 GRAMS OR MORE OF METHAMPETAMINE (1) | |
| 21:846 - CONSPIRACY TO DISTRIBUTE 500 GRAMS OR MORE OF METHAMPHETAMINE AND MARIJUANA (1s) | |
| 21:846 - CONSPIRACY TO DISTRIBUTE 500 GRAMS OR MORE OF METHAMPHETAMINE AND MARIJUANA (1ss) | IMPRISONMENT: 480 MONTHS; SUPERVISED RELEASE: 5 YEARS; SPECIAL ASSESSMENT: $500.00 |
| 21:846,841(a)(1),(b)(1)(A), AND 18:2 - POSSESSION WITH INTENT TO DISTRIBUTE METHAMPETAMINE, AIDING AND ABETTING (2ss-3ss) | IMPRISONMENT: 480 MONTHS; SUPERVISED RELEASE: 5 YEARS; SPECIAL ASSESSMENT: $500.00 |
| 21:841(a)(1),(b)(1)(A) - POSSESSION WITH INTENT TO DISTRIBUTE | IMPRISONMENT: 480 MONTHS; SUPERVISED RELEASE: 5 YEARS; SPECIAL ASSESSMENT: $500.00 |

Appx.002

METHAMPETAMINE
(4ss)

18:922(g)(1) - POSSESSION OF
FIREARM AND/OR AMMUNITION BY A
FELON
(6ss)

IMPRISONMENT: 120 MONTHS;
SUPERVISED RELEASE: 3 YEARS;
SPECIAL ASSESSMENT: $500.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:924(c)(1)(A) - POSSESSION OF
FIREARM IN FURTHERANCE OF DRUG
TRAFFICKING CRIME
(5ss)

**Disposition**

NOT GUILTY

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

**Material Witness**

**TIMOTHY BUCK**

---

**Plaintiff**

**USA**

represented by **PAUL G. SHAPIRO**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT ST.
SUITE 1250
PHILADELPHIA, PA 19106-4476
215-861-8325
Email: paul.shapiro@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**TIMOTHY MULLIGAN STENGEL**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT ST SUITE 1250
PHILADELPHIA, PA 19106
215-861-8600
Fax: 215-861-8618
Email: timothy.stengel@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: Assistant US Attorney*

**ROBERT A. ZAUZMER**
UNITED STATES ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
215-861-8568
Fax: 215-861-8498
Email: bob.zauzmer@usdoj.gov
*ATTORNEY TO BE NOTICED*

**SETH M SCHLESSINGER**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
215-861-8524
Email:
USAPAE.DepartedAUSA@usdoj.gov
*TERMINATED: 02/26/2021*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2018 | 1 | SEALED INDICTMENT as to CURSHAWN BANKS (1) count 1, ARTHUR ROWLAND (2) count 1, ISIAH ULMER (3) count 1, HAKIM WILLIAMS (4) count 1. (mac, ) (Additional attachment(s) added on 12/13/2018: # 1 Designation Form) (mac, ). (Main Document 1 replaced on 12/13/2018) (mac, ). (Entered: 12/13/2018) |
| 12/12/2018 | 3 | MOTION AND ORDER FOR ISSUANCE OF BENCH WARRANT AS TO ARTHUR ROWLAND. Signed by MAGISTRATE JUDGE RICHARD A. LLORET on 12/12/18.12/13/18 Entered. (mac, ) (Entered: 12/13/2018) |
| 12/12/2018 | 6 | MOTION AND ORDER TO SEAL AND IMPOUND CASE AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS. Signed by MAGISTRATE JUDGE RICHARD A. LLORET on 12/12/18.12/13/18 Entered. (mac, ) (Entered: 12/13/2018) |
| 12/14/2018 | | ***INDICTMENT UNSEALED as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS (mac, ) (Entered: 12/14/2018) |
| 12/14/2018 | 7 | Letter from AUSA Unsealing Indictment as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS (mac, ) (Entered: 12/14/2018) |
| 12/17/2018 | 8 | NOTICE OF ATTORNEY APPEARANCE PAUL G. SHAPIRO appearing for USA. (SHAPIRO, PAUL) (Entered: 12/17/2018) |
| 12/17/2018 | 11 | Minute Entry for proceedings held before MAGISTRATE JUDGE RICHARD A. LLORET: Initial Appearance as to ARTHUR ROWLAND held on 12/14/18. The Government's Motion for Temporary Detention is granted. The Defendant is detained pending further proceedings. The case is continued for Arraignment/Detention Hearing set for 12/18/2018 at 1:30 PM in COURTROOM 5A before MAGISTRATE JUDGE JACOB P. HART.ATTORNEY GUY R. SCIOLLA for ARTHUR ROWLAND ADDED IN CASE AS TO ARTHUR ROWLAND. Signed by Judge Richard A. Lloret.Court Reporter ESR.(mac, ) (Entered: 12/17/2018) |

| 12/17/2018 | 16 | NOTICE OF ATTORNEY APPEARANCE GUY R. SCIOLLA appearing for ARTHUR ROWLAND (SCIOLLA, GUY) (Entered: 12/17/2018) |
| 12/17/2018 | 18 | MOTION for PRETRIAL DETENTION by USA as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS. (SCHLESSINGER, SETH) (Entered: 12/17/2018) |
| 12/19/2018 | 23 | MOTION for Discovery *and Inspection* by ARTHUR ROWLAND. (SCIOLLA, GUY) (Main Document 23 replaced on 1/3/2019) (ke, ). (Entered: 12/19/2018) |
| 12/19/2018 | 24 | MOTION for Discovery *Motion to File Additional Pretrial Motions after Discovery* by ARTHUR ROWLAND. (SCIOLLA, GUY) (Entered: 12/19/2018) |
| 12/20/2018 | 28 | Arrest Warrant Returned Executed on 12/14/18 in case as to ARTHUR ROWLAND. (mac, ) (Entered: 12/21/2018) |
| 12/20/2018 | 30 | NOTICE OF ATTORNEY APPEARANCE FILED BY GUY R. SCIOLLA appearing for ARTHUR ROWLAND (mac, ) (Entered: 12/21/2018) |
| 12/20/2018 | 31 | Minute Entry for proceedings held before MAGISTRATE JUDGE JACOB P. HART: Arraignment/PTD as to ARTHUR ROWLAND (2) Count 1 held on 12/19/18. The Defendant stipulated to pretrial detention. Plea entered by ARTHUR ROWLAND: Not Guilty on COUNTS. Counsel have 14 days to file pretrial motions. Signed by Judge Jacob P. Hart.Court Reporter ESR.(mac, ) (Entered: 12/21/2018) |
| 12/26/2018 | 37 | RESPONSE to Motion by USA as to ARTHUR ROWLAND re 23 MOTION for Discovery *and Inspection*, 24 MOTION for Discovery *Motion to File Additional Pretrial Motions after Discovery* filed by USA (SCHLESSINGER, SETH) (Entered: 12/26/2018) |
| 12/27/2018 | 39 | ORDER AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS THAT A TELEPHONE SCHEDULING CONFERENCE IS SCHEDULED FOR JANUARY 3, 2019, AT 4:00 PM, ETC. Signed by HONORABLE GERALD J. PAPPERT on 12/27/18.12/28/18 Entered and Copies E-Mailed. (mac, ) (Entered: 12/28/2018) |
| 01/04/2019 | 42 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS held on 1/3/19.(mac, ) (Entered: 01/04/2019) |
| 01/09/2019 | 43 | SUPERSEDING INDICTMENT as to CURSHAWN BANKS (1) count 1s, ARTHUR ROWLAND (2) count 1s, ISIAH ULMER (3) count 1s, HAKIM WILLIAMS (4) count 1s, JEFFREY STAMPS (5) counts 1, 2, 3. (mac, ) (Additional attachment(s) added on 1/10/2019: # 1 Designation Form) (mac, ). (Entered: 01/10/2019) |
| 01/16/2019 | 49 | NOTICE OF HEARING as to ARTHUR ROWLAND Arraignment set for 1/24/2019 01:30 PM in COURTROOM 5-A before MAGISTRATE JUDGE DAVID R. STRAWBRIDGE. (jelu, ) (Entered: 01/16/2019) |
| 01/23/2019 | 56 | ORDER THAT THE MOTION FOR DISCOVERY AND INSPECTION 23 AND MOTION TO FILE ADDITIONAL PRETRIAL MOTIONS AFTER DISCOVERY 24 ARE DENIED AS MOOT AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 1/23/19.1/23/19 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 01/23/2019) |
| 01/23/2019 | 58 | SCHEDULING ORDER AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS THAT PRETRIAL MOTIONS SHALL BE FILED BY FEBRUARY 8, 219. RESPONSES ARE DUE BY FEBRUARY 15, 2019. VOIR DIRE QUESTIONS AND PROPOSED JURY INSTRUCTIONS ARE DUE BY FEBRUARY 25, 2019. A FINAL PRETRIAL CONFERENCE WILL BE HELD |

| | | |
|---|---|---|
| | | ON FEBRUARY 28, 2019 AT 10:00 A.M. IN COURTROOM 11A. TRIAL WILL BEGIN ON MARCH 4, 2019 AT 9:30 A.M. IN COURTROOM 11A. Signed by HONORABLE GERALD J. PAPPERT on 1/23/19.1/23/19 Entered and Copies E-Mailed. (mac, ) (Entered: 01/23/2019) |
| 01/24/2019 | 60 | Minute Entry for proceedings held before MAGISTRATE JUDGE DAVID R. STRAWBRIDGE: Arraignment as to ARTHUR ROWLAND (2) Count 1s held on 1/24/19.Plea entered by ARTHUR ROWLAND Not Guilty on ALL COUNTS. Counsel have 14 days to file pretrial motions. Signed by David R. Strawbridge.Court Reporter ESR.(mac, ) (Entered: 01/24/2019) |
| 01/24/2019 | 63 | NOTICE OF ATTORNEY APPEARANCE FILED BY GUY R. SCIOLLA appearing for ARTHUR ROWLAND (mac, ) (Entered: 01/24/2019) |
| 01/25/2019 | 67 | MOTION for Discovery *and Inspection* by ARTHUR ROWLAND. (SCIOLLA, GUY) (Entered: 01/25/2019) |
| 01/25/2019 | 68 | MOTION TO FILE ADDITIONAL PRETRIAL MOTIONS AFTER DISCOVERY by ARTHUR ROWLAND. CERTIFICATE OF SERVICE. (SCIOLLA, GUY) Modified on 1/28/2019 (ap, ). (Entered: 01/25/2019) |
| 02/01/2019 | 71 | ORDER AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS THAT A TELEPHONE CONFERENCE IS SCHEDULED FOR FEBRUARY 7, 2019 AT 4:00 P.M. BEFORE THE HONORABLE GERALD J. PAPPERT. Signed by HONORABLE GERALD J. PAPPERT on 2/1/19.2/1/19 Entered and Copies E-Mailed. (mac, ) (Entered: 02/01/2019) |
| 02/01/2019 | 72 | DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER AND REQUEST FOR EXPEDITED HEARING by ARTHUR ROWLAND. (Attachments: # 1 Exhibit A and B)(SCIOLLA, GUY) Modified on 2/4/2019 (ap,). (Entered: 02/01/2019) |
| 02/07/2019 | 73 | RESPONSE to Motion by USA as to ARTHUR ROWLAND re 72 MOTION for Release from Custody *Defendant's Motion for Revocation of Detention Order and Request for Expedited Hearing* filed by USA (Attachments: # 1 Exhibit)(SHAPIRO, PAUL) (Entered: 02/07/2019) |
| 02/07/2019 | 74 | NOTICE OF HEARING ON MOTION in case as to ARTHUR ROWLAND 72 MOTION for Release from Custody *Defendant's Motion for Revocation of Detention Order and Request for Expedited Hearing* : MOTION HEARING SET FOR 2/11/2019 02:00 PM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 02/07/2019) |
| 02/08/2019 | 75 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS held on 2/7/19.(mac, ) (Entered: 02/08/2019) |
| 02/08/2019 | 77 | ORDER AS TO ARTHUR ROWLAND (2) THAT THE MOTION FOR DISCOVERY AND INSPECTION (DOC. #67) AND MOTION TO FILE ADDITIONAL PRETRIAL MOTIONS AFTER DISCOVERY (DOC. #68) ARE DENIED WITHOUT PREJUDICE. Signed by HONORABLE GERALD J. PAPPERT on 2/8/2019.2/8/2019 ENTERED AND COPIES E-MAILED.(tomg, ) (Entered: 02/08/2019) |
| 02/08/2019 | 78 | SECOND SCHEDULING ORDER AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS THAT DEFT'S UNOPPOSED MOTION TO CONTINUE TRIAL (DOC. #69) IS GRANTED. PRETRIAL MOTIONS SHALL BE FILED ON OR BEFORE 3/29/2019. RESPONSES SHALL BE FILED ON OR BEFORE 4/8/2019, ETC. TRIAL WILL BEGIN ON |

Appx.006

| | | |
|---|---|---|
| | | 5/20/2019 AT 9:30 A.M., IN COURTROOM 11A. Signed by HONORABLE GERALD J. PAPPERT on 2/8/2019.2/8/2019 Entered and Copies E-Mailed. (tomg, ) (Entered: 02/08/2019) |
| 02/12/2019 | 79 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A: Bail Appeal Hearing as to ARTHUR ROWLAND held on 2/11/19. Oral argument held on defendant's motion to revocation of detention order. Witnesses called and sworn. Court denies motion. Order to follow.Court Reporter ESR.(mac, ) (Entered: 02/12/2019) |
| 02/14/2019 | 80 | TRANSCRIPT of Proceedings as to ARTHUR ROWLAND, Bail Hearing held on 2/11/19, before Judge GERALD J. PAPPERT. Transcriber: Doman. (mac, ) (Entered: 02/14/2019) |
| 02/15/2019 | 81 | MEMORANDUM AS TO ARTHUR ROWLAND RE: MOTION FOR REVOCATION OF THE DETENTION HEARING AND REQUEST FOR EXPEDITED HEARING. Signed by HONORABLE GERALD J. PAPPERT on 2/15/19.2/15/19 Entered and Copies E-Mailed. (mac, ) (Entered: 02/15/2019) |
| 02/15/2019 | 82 | ORDER AS TO ARTHUR ROWLAND THAT DEFENDANT'S 72 MOTION FOR REVOCATION OF DETENTION ORDER AND REQUEST FOR EXPEDITED HEARING IS DENIED. DEFENDANT WILL REMAIN DETAINED PENDING TRIAL. Signed by HONORABLE GERALD J. PAPPERT on 2/15/19.2/15/19 Entered and Copies E-Mailed. (mac, ) (Entered: 02/15/2019) |
| 04/18/2019 | 87 | SEALED EX PARTE MOTION FILED BY USA AS TO ARTHUR ROWLAND. (mac, ) (mac, ). (Entered: 04/18/2019) |
| 04/23/2019 | 88 | SEALED EX PARTE ORDER AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 4/23/2019. 4/23/2019 ENTERED AND COPIES MAILED. (FILED UNDER SEAL) (ems) (ems). (Entered: 04/23/2019) |
| 05/03/2019 | 90 | ORDER AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS THAT A TELEPHONE CONFERENCE IS SCHEDULED FOR MAY 7, 2019, AT 4:00 P.M. BEFORE THE HONORABLE GERALD J. PAPPERT. Signed by HONORABLE GERALD J. PAPPERT on 5/3/19.5/3/19 Entered and Copies E-Mailed. (mac, ) (Entered: 05/03/2019) |
| 05/08/2019 | 91 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS held on 5/7/2019. Court Reporter: ESR.(tomg, ) (Entered: 05/08/2019) |
| 05/10/2019 | 93 | THIRD SCHEDULING ORDER AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS THAT DEFENDANTS' UNOPPOSED MOTIONS TO CONTINUE TRIAL ARE GRANTED. PRETRIAL MOTIONS SHALL BE FILED BY AUGUST 26, 2019. RESPONSES ARE DUE BY SEPTEMBER 6, 2019. MOTIONS IN LIMINE, VOIR DIRE QUESTIONS, PROPOSED JURY INSTRUCTIONS ARE DUE BY OCTOBER 25, 2019. RESPONSES ARE DUE BY OCTOBER 25, 2019. A FINAL PRETRIAL CONFERENCE WILL BE HELD ON OCTOBER 31, 2019 AT 10:00 A.M. IN COURTROOM 11A. TRIAL WILL BEGIN ON NOVEMBER 4, 2019 AT 9:30 A.M. IN COURTROOM 11A. Signed by HONORABLE GERALD J. PAPPERT on 5/10/19.5/13/19 Entered and Copies E-Mailed. (mac, ) (Entered: 05/13/2019) |
| 08/22/2019 | 94 | MOTION for Extension of Time to File *Pre-trial Motions* by ARTHUR ROWLAND. (SCIOLLA, GUY) (Entered: 08/22/2019) |

| 08/22/2019 | 96 | ORDER AS TO ARTHUR ROWLAND THAT THE DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS (DOC. NO. 94) IS GRANTED. IT IS ORDERED THAT DEFENDANT'S PRETRIAL MOTIONS SHALL BE FILED ON OR BEFORE SEPTEMBER 9, 2019. RESPONSES SHALL BE FILED ON OR BEFORE SEPTEMBER 20, 2019. Signed by HONORABLE GERALD J. PAPPERT on 8/22/2019. 8/23/2019 Entered and Copies E-Mailed. (ems) (Entered: 08/23/2019) |
|---|---|---|
| 09/10/2019 | 98 | MOTION to Suppress *Physical Evidence Exhibits A-Search Seizure Warrant Exhibit B Application of 8/15/18 and Exhibit C Chief Justice Roberts' Opinion to follow by hard copy* by ARTHUR ROWLAND. (SCIOLLA, GUY) (Entered: 09/10/2019) |
| 09/20/2019 | 99 | MOTION for Extension of Time to File Response/Reply as to 98 MOTION to Suppress *Physical Evidence Exhibits A-Search Seizure Warrant Exhibit B Application of 8/15/18 and Exhibit C Chief Justice Roberts' Opinion to follow by hard copy* by USA as to ARTHUR ROWLAND. (SHAPIRO, PAUL) (Entered: 09/20/2019) |
| 09/24/2019 | 100 | ORDER AS TO ARTHUR ROWLAND THAT THE GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE/REPLY IS GRANTED. THE GOVERNMENT SHALL SUBMIT ITS RESPONSE BY SEPTEMBER 30, 2019. Signed by HONORABLE GERALD J. PAPPERT on 9/24/19.9/24/19 Entered and Copies E-Mailed. (mac, ) (Entered: 09/24/2019) |
| 10/01/2019 | 101 | Sealed Response by USA as to ARTHUR ROWLAND, certificate of service. (mac, ) (mac, ). (Entered: 10/01/2019) |
| 10/01/2019 | 102 | SEALED MOTION FILED BY USA AS TO ARTHUR ROWLAND. (mac, ) (mac, ). (Entered: 10/01/2019) |
| 10/02/2019 | 103 | NOTICE OF HEARING ON MOTION in case as to ARTHUR ROWLAND 98 MOTION to Suppress *Physical Evidence Exhibits A-Search Seizure Warrant Exhibit B Application of 8/15/18 and Exhibit C Chief Justice Roberts' Opinion to follow by hard copy* : MOTION HEARING SET FOR 10/23/2019 10:00 AM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 10/02/2019) |
| 10/02/2019 | 104 | ORDER AS TO ARTHUR ROWLAND. (FILED UNDER SEAL). Signed by HONORABLE GERALD J. PAPPERT on 10/2/19.10/2/19 ENTERED AND COPIES MAILED.(mac, ) (mac, ). (Entered: 10/02/2019) |
| 10/09/2019 | 105 | SECOND SUPERSEDING INDICTMENT as to CURSHAWN BANKS (1) count(s) 1ss, 2ss-3ss, ARTHUR ROWLAND (2) count(s) 1ss, 2ss-3ss, 4ss, 5ss, 6ss, ISIAH ULMER (3) count(s) 1ss, HAKIM WILLIAMS (4) count(s) 1ss, 7ss, 8ss, 9ss, JEFFREY STAMPS (5) count(s) 1s, 10s, 11s, DANIELLE BRADFORD (6) count(s) 1. (Attachments: # 1 Designation Form) (mac, ) (Entered: 10/09/2019) |
| 10/16/2019 | 108 | NOTICE OF HEARING as to ARTHUR ROWLAND Arraignment set for 10/22/2019 01:30 PM in COURTROOM 5-A before MAGISTRATE JUDGE TIMOTHY R. RICE. (jelu, ) (Entered: 10/16/2019) |
| 10/17/2019 | 112 | NOTICE OF HEARING ON MOTION in case as to ARTHUR ROWLAND 98 MOTION to Suppress *Physical Evidence Exhibits A-Search Seizure Warrant Exhibit B Application of 8/15/18 and Exhibit C Chief Justice Roberts' Opinion to follow by hard copy* : MOTION HEARING RESET FOR 11/4/2019 10:00 AM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 10/17/2019) |
| 10/23/2019 | 113 | ORDER AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD THAT A TELEPHONE CONFERENCE IS SET FOR 10/28/2019 AT 4:30 PM BEFORE |

|  |  | HONORABLE GERALD J. PAPPERT. Signed by HONORABLE GERALD J. PAPPERT on 10/22/19.10/23/19 Entered and Copies E-Mailed. (mac, ) (Entered: 10/23/2019) |
| --- | --- | --- |
| 10/23/2019 | [115](#) | Minute Entry for proceedings held before MAGISTRATE JUDGE TIMOTHY R. RICE: Arraignment as to ARTHUR ROWLAND (2) CountS 1ss,2ss-3ss,4ss,5ss,6ss held on 10/22/19. Plea entered by ARTHUR ROWLAND: Not Guilty on ALL COUNTS. Counsel have 14 days to file pretrial motions. Signed by Judge Timothy R. Rice.Court Reporter ESR.(mac, ) (Entered: 10/23/2019) |
| 10/29/2019 | [120](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS held on 10/28/19.(mac, ) (Entered: 10/29/2019) |
| 10/29/2019 | [121](#) | FOURTH SCHEDULING ORDER AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS THAT DEFENDANTS' UNOPPOSED MOTION TO CONTINUE TRIAL IS GRANTED. PRETRIAL MOTIONS, INCLUDING MOTIONS IN LIMINE ARE DUE BY NOVEMBER 15, 2019, RESPONSES ARE DUE BY 11/25/19. PROPOSED VOIR DIRE QUESTIONS AND JURY INSTRUCTIONS ARE DUE BY 12/9/19. A FINAL PRETRIAL CONFERENCE WILL BE HELD ON DECEMBER 16, 2019 AT 10:00 A.M. IN COURTROOM 11A. TRIAL WILL BEGIN ON JANUARY 6, 2020 AT 9:30 A.M. IN COURTROOM 11A. Signed by HONORABLE GERALD J. PAPPERT on 10/29/19.10/29/19 Entered and Copies E-Mailed. (mac, ) (Entered: 10/29/2019) |
| 11/04/2019 | [122](#) | ORDER AS TO ARTHUR ROWLAND (2) THAT THE MOTION TO SUPPRESS (DOC. NO. 98) IS DENIED AS MOOT. Signed by HONORABLE GERALD J. PAPPERT on 11/4/2019.11/4/2019 ENTERED AND COPIES E-MAILED.(ahf) (Entered: 11/04/2019) |
| 11/04/2019 | [123](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11-A: Suppression Hearing as to ARTHUR ROWLAND held on 11/4/2019. Defense counsel withdraws motion. Order to follow. Court Reporter ESR.(ahf) (Entered: 11/04/2019) |
| 12/04/2019 | [135](#) | NOTICE OF HEARING as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS FINAL PRETRIAL CONFERENCE SET FOR 12/16/2019 10:00 AM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 12/04/2019) |
| 12/09/2019 | [139](#) | Proposed Voir Dire by USA as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS(SCHLESSINGER, SETH) (Entered: 12/09/2019) |
| 12/09/2019 | [140](#) | Jury Verdict Sheet as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS.(SCHLESSINGER, SETH) (Entered: 12/09/2019) |
| 12/09/2019 | [141](#) | TRIAL MEMORANDUM by USA as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS(SCHLESSINGER, SETH) (Entered: 12/09/2019) |
| 12/09/2019 | [142](#) | Proposed Jury Instructions by USA as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS(SCHLESSINGER, SETH) (Entered: 12/09/2019) |
| 12/09/2019 | [143](#) | Proposed Jury Instructions by ARTHUR ROWLANDCERTIFICATE OF SERVICE(SCIOLLA, GUY) (Entered: 12/09/2019) |

| | | |
|---|---|---|
| 12/09/2019 | 144 | Proposed Voir Dire by ARTHUR ROWLANDCERTIFICATE OF SERVICE(SCIOLLA, GUY) (Entered: 12/09/2019) |
| 12/12/2019 | 151 | NOTICE OF ATTORNEY APPEARANCE PANTELLIS PALIVIDAS appearing for ARTHUR ROWLAND *as co-counsel* (PALIVIDAS, PANTELLIS) (Entered: 12/12/2019) |
| 12/16/2019 | 156 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A: Final Pretrial Conference as to ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS held on 12/16/19. Jury selection on Monday, January 6, 2020.Court Reporter ESR.(mac, ) (Entered: 12/16/2019) |
| 12/16/2019 | 157 | ORDER AS TO ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS THAT ON OR BEFORE 12/20/19 COUNSEL SHALL PROVIDE TO EACH OTHER THE NAMES OF ALL WITNESSES THEY MAY CALL TO TESTIFY AT TRIAL AND THE GOVERNMENT SHALL PROVIDE TO DEFENSE COUNSEL TRANSCRIPTS OF ALL RECORDED CONVERSATIONS THE GOVERNMENT INTENDS TO INTRODUCE INTO EVIDENCE AT TRIAL. THE COURT SHALL CONDUCT A FINAL PRETRIAL STATUS HEARING ON JANUARY 2, 2020 AT 2:00 P.M. IN COURTROOM 11A, ETC. Signed by HONORABLE GERALD J. PAPPERT on 12/16/19.12/17/19 Entered and Copies E-Mailed. (mac, ) (Entered: 12/17/2019) |
| 12/17/2019 | 158 | NOTICE OF HEARING as to ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS FINAL PRETRIAL STATUS HEARING SET FOR 1/2/2020 02:00 PM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 12/17/2019) |
| 12/17/2019 | 159 | NOTICE OF HEARING as to ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS JURY TRIAL SET FOR 1/6/2020 09:30 AM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 12/17/2019) |
| 12/24/2019 | 170 | Minute Entryfor proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11-A Status Hearing as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD held on 12/23/19. Gov't. addresses the Court about remaining discovery. Court and counsel agree that the January 6 trial shall be continued. Gov't. counsel to file a joint motion to continue.Court Reporter ESR.(ke) (Entered: 12/24/2019) |
| 01/03/2020 | 173 | WAIVER of Speedy Trial by ARTHUR ROWLAND (SCIOLLA, GUY) (Entered: 01/03/2020) |
| 01/04/2020 | 180 | Joint MOTION to Continue *Trial* by USA as to ARTHUR ROWLAND, HAKIM WILLIAMS. (SHAPIRO, PAUL) (Entered: 01/04/2020) |
| 01/06/2020 | 184 | ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS THAT THE TRIAL DATE PREVIOUSLY SCHEDULED FOR JANUARY 6, 2020 IS HEREBY SET FOR MARCH 9, 2020. Signed by HONORABLE GERALD J. PAPPERT on 1/6/20.1/6/20 Entered and Copies E-Mailed. (mac, ) (Entered: 01/06/2020) |
| 01/06/2020 | 186 | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS CRIMINAL JURY TRIAL IS SET FOR 3/9/2020 AT 9:30 AM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (mr, ) (Entered: 01/06/2020) |
| 01/07/2020 | 188 | NOTICE OF ATTORNEY APPEARANCE TIMOTHY MULLIGAN STENGEL appearing for USA. (STENGEL, TIMOTHY) (Entered: 01/07/2020) |
| 01/22/2020 | 190 | MOTION for Protective Order by USA as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD. (SHAPIRO, PAUL) (Entered: 01/22/2020) |
| 01/23/2020 | 192 | ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT DEFENDANT ARTHUR ROWLAND SHALL FILE A RESPONSE |

| | | TO THE MOTION FOR PROTECTIVE ORDER BY JANUARY 29, 2020. Signed by HONORABLE GERALD J. PAPPERT on 1/23/20.1/24/20 Entered and Copies E-Mailed. (mac, ) (Entered: 01/24/2020) |
|---|---|---|
| 01/29/2020 | [196](#) | ORDER THAT THE GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER [190](#) IS GRANTED AS TO ARTHUR ROWLAND (2), HAKIM WILLIAMS (4), DANIELLE BRADFORD (6). Signed by HONORABLE GERALD J. PAPPERT on 1/29/20.1/30/20 ENTERED AND COPIES E-MAILED.(mac, ) (Main Document 196 replaced on 1/30/2020) (mac, ). (Entered: 01/30/2020) |
| 02/05/2020 | [197](#) | PETITION AND ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT THE WARDEN OF MARION COUNTY JAIL PRODUCE EDWARD AKWABOAH ON MONDAY, MARCH 2, 2020, INTO CUSTODY OF THE USM TO TESTIFY AS A WITNESS IN THE ABOVE-CAPTIONED MATTER, ETC. Signed by HONORABLE GERALD J. PAPPERT on 2/5/20.2/5/20 Entered and Copies E-Mailed. (mac, ) (mac, ). (Entered: 02/05/2020) |
| 02/26/2020 | [198](#) | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD TELEPHONE CONFERENCE SET FOR TODAY, FEBRUARY 26, 2020 AT 1:00 PM BEFORE THE HONORABLE GERALD J. PAPPERT. (kf, ) (Entered: 02/26/2020) |
| 02/27/2020 | [200](#) | Minute Entryfor proceedings held before HONORABLE GERALD J. PAPPERT Status Conference as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD held on 2/26/20. TOTAL TIME: 45 MINUTES.(ke) (Entered: 02/27/2020) |
| 02/27/2020 | [201](#) | ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT COUNSEL SHALL FILE LETTER BRIEFS BY 3/6/2020 ADDRESSING THE FOLLOWING AS OUTLINED HEREIN. AN EVIDENTIARY HEARING IS SET FOR 3/11/2020 AT 10:00 AM IN COURTROOM 11-A. Signed by HONORABLE GERALD J. PAPPERT on 2/27/2020.2/27/2020 Entered and Copies E-Mailed. (ahf) (Entered: 02/27/2020) |
| 02/27/2020 | [202](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD held on 2/27/2020. (ems) (Entered: 02/27/2020) |
| 02/27/2020 | [203](#) | FIFTH SCHEDULING ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT JURY SELECTION WILL BEGIN AT 9:30 AM ON THURSDAY, APRIL 30, 2020 IN COURTROOM 11-A. TRIAL WILL BEGIN AT 9:30 A.M. ON MONDAY, MAY 4, 2020 IN COURTROOM 11-A. Signed by HONORABLE GERALD J. PAPPERT on 2/27/2020. 2/27/2020 Entered and Copies E-Mailed. (ems) (Entered: 02/27/2020) |
| 03/06/2020 | [207](#) | Letter as to ARTHUR ROWLAND, HAKIM WILLIAMS. (FILED UNDER SEAL). (ahf) (ahf, ). (Entered: 03/09/2020) |
| 03/06/2020 | [208](#) | SEALED MOTION by USA as to ARTHUR ROWLAND, HAKIM WILLIAMS. (FILED UNDER SEAL). (ahf) (ahf, ). (Entered: 03/09/2020) |
| 03/10/2020 | [210](#) | SEALED ORDER AS TO ARTHUR ROWLAND (2), HAKIM WILLIAMS (4). Signed by HONORABLE GERALD J. PAPPERT on 3/9/2020.3/10/2020 ENTERED AND COPIES MAILED. (FILED UNDER SEAL).(ahf) (ahf, ). (Entered: 03/10/2020) |
| 04/20/2020 | [219](#) | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD TELEPHONE CONFERENCE IS SET FOR 4/22/2020 AT 2:00 PM BEFORE HONORABLE GERALD J. PAPPERT. (mr, ) (Entered: 04/20/2020) |

| 04/20/2020 | [220](#) | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD TELEPHONE CONFERENCE SET FOR 4/22/2020 AT 2:00 PM IS RESCHEDULED TO 04/23/2020 AT 2:00 PM BEFORE HONORABLE GERALD J. PAPPERT. (mr, ) (Entered: 04/20/2020) |
|---|---|---|
| 04/23/2020 | [221](#) | Minute Entryfor proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD held on 4/23/20.(mac, ) (Entered: 04/23/2020) |
| 04/27/2020 | [222](#) | MOTION to Continue *and to Exclude Time Under the Speedy Trial Act (Unopposed)* by USA as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD. (STENGEL, TIMOTHY) (Entered: 04/27/2020) |
| 04/27/2020 | [223](#) | ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT TRIAL IN THIS MATTER IS CONTINUED TO OCTOBER 19, 2020. Signed by HONORABLE GERALD J. PAPPERT on 4/27/20.4/27/20 Entered and Copies E-Mailed. (mac, ) (Entered: 04/27/2020) |
| 04/27/2020 | [224](#) | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS CRIMINAL JURY TRIAL IS SET FOR 10/19/2020 AT 9:30 AM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (mr, ) (Entered: 04/27/2020) |
| 09/03/2020 | [246](#) | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD A TELEPHONE CONFERENCE IS SCHEDULED FOR 9/3/2020 AT 3:00 PM BEFORE HONORABLE GERALD J. PAPPERT. (mr, ) (Entered: 09/03/2020) |
| 09/03/2020 | [247](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD held on 9/3/20.(mac, ) (Entered: 09/04/2020) |
| 09/04/2020 | [248](#) | SIXTH SCHEDULING ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT THE TRIAL IN THIS MATTER IS SCHEDULED TO MONDAY, DECEMBER 7, 2020, ETC. Signed by HONORABLE GERALD J. PAPPERT on 9/4/20.9/4/20 Entered and Copies E-Mailed. (mac, ) (Entered: 09/04/2020) |
| 09/04/2020 | [249](#) | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD A CRIMINAL JURY TRIAL IS SCHEDULED FOR 12/7/2020 AT 9:30 AM IN COURTROOM 11-A BEFORE HONORABLE GERALD J. PAPPERT. (mr, ) (Entered: 09/04/2020) |
| 10/19/2020 | [259](#) | ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT THE WARDEN OF MARION COUNTY JAIL AND THE USMS PRODUCE EDWARD AKWABOAH AND ARRANGE FOR HIM TO BE HOUSED AT THE FDC-PHILADELPHIA, NO LATER THAN NOVEMBER 16, 2020 TO TESTIFY AS A WITNESS IN THE ABOVE-CAPTIONED CASE, ETC. Signed by HONORABLE GERALD J. PAPPERT on 10/19/20.10/19/20 Entered and Copies E-Mailed. (mac, ) (mac, ). (Entered: 10/19/2020) |
| 11/10/2020 | [260](#) | MOTION to Continue *trial* by USA as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD. (SHAPIRO, PAUL) (Entered: 11/10/2020) |
| 11/10/2020 | [261](#) | NOTICE as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD TELEPHONE CONFERENCE SET FOR 11/12/2020 04:15 PM BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 11/10/2020) |

| | | |
|---|---|---|
| 11/12/2020 | [262](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD held on 11/12/20.(mac, ) (Entered: 11/13/2020) |
| 11/12/2020 | [263](#) | ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT THE TRIAL IN THIS MATTER IS CONTINUED TO APRIL 5, 2021, ETC. Signed by HONORABLE GERALD J. PAPPERT on 11/12/20.11/13/20 Entered and Copies E-Mailed. (mac, ) Modified on 12/1/2020 (jelu, ). (Entered: 11/13/2020) |
| 11/30/2020 | [264](#) | PRO SE MOTION FOR REQUEST FOR RECONSIDERATION FILED BY ARTHUR ROWLAND. (mac, ) (Entered: 12/01/2020) |
| 12/01/2020 | [265](#) | ORDER AS TO ARTHUR ROWLAND THAT THE GOVERNMENT SHALL FILE A RESPONSE TO DEFENDANT'S "PRO SE REQUEST FOR RECONSIDERATION" BY DECEMBER 15, 2020. Signed by HONORABLE GERALD J. PAPPERT on 12/1/20.12/1/20 Entered and Copies Not Mailed and E-Mailed. (mac, ) (Entered: 12/01/2020) |
| 12/02/2020 | | DOC. #265 MAILED TO PRO SE ARTHUR ROWLAND (tomg, ) (Entered: 12/02/2020) |
| 12/14/2020 | [266](#) | RESPONSE in Opposition re [264](#) MOTION for Reconsideration *of pretrial detention* filed by USA (SHAPIRO, PAUL) (Entered: 12/14/2020) |
| 12/14/2020 | [267](#) | SEALED EXHIBITS as to ARTHUR ROWLAND.(mac, ) (Additional attachment(s) added on 12/14/2020: # [1](#) EXHIBIT) (mac, ). (Entered: 12/14/2020) |
| 12/14/2020 | [268](#) | SEALED MOTION FILED BY USA AS TO ARTHUR ROWLAND, CERTIFICATE OF SERVICE. (mac, ) (mac, ). (Entered: 12/14/2020) |
| 12/15/2020 | [269](#) | SEALED ORDER AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 12/15/20.12/15/20 ENTERED AND COPIES MAILED BY CHAMBERS.(mac, ) (mac, ). (Entered: 12/15/2020) |
| 12/21/2020 | [271](#) | MEMORANDUM AS TO ARTHUR ROWLAND RE: MOTION FOR RECONSIDERATION. Signed by HONORABLE GERALD J. PAPPERT on 12/21/20.12/22/20 Entered and Copies Mailed by Chambers and E-Mailed. (mac, ) (Entered: 12/22/2020) |
| 12/21/2020 | [272](#) | ORDER AS TO ARTHUR ROWLAND THAT DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED. Signed by HONORABLE GERALD J. PAPPERT on 12/21/20.12/22/20 Entered and Copies Mailed by Chambers and E-Mailed. (mac, ) (Entered: 12/22/2020) |
| 02/26/2021 | [289](#) | NOTICE *of Withdrawal* by USA as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD (SCHLESSINGER, SETH) (Entered: 02/26/2021) |
| 03/03/2021 | [291](#) | NOTICE *of Withdrawal* by USA as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD (ZAUZMER, ROBERT) (Entered: 03/03/2021) |
| 03/10/2021 | [294](#) | MOTION to Continue *Trial without opposition* by USA as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD. (SHAPIRO, PAUL) (Entered: 03/10/2021) |
| 03/10/2021 | [295](#) | ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT THE TRIAL DATE IN THE ABOVE-CAPTIONED MATTER, PREVIOUSLY SCHEDULED FOR APRIL 5, 2021, IS HEREBY SET FOR OCTOBER |

| | | |
|---|---|---|
| | | 15, 2021, ETC. Signed by HONORABLE GERALD J. PAPPERT on 3/10/21.3/11/21 Entered and Copies E-Mailed. (mac, ) (Entered: 03/11/2021) |
| 03/11/2021 | 296 | PRO SE MOTION THE COURT FOR CASE PROTECTION ORDER FILED BY ARTHUR ROWLAND, CERTIFICATE OF SERVICE. (mac, ) (Entered: 03/11/2021) |
| 03/12/2021 | 297 | ORDER AS TO THAT THE "PRO SE MOTION FOR CASE PROTECTION" 296 IS DENIED WITHOUT PREJUDICE AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 3/12/21.3/12/21 ENTERED AND COPIES MAILED TO DEFENDANT BY CHAMBERS AND E-MAILED.(mac, ) (Entered: 03/12/2021) |
| 09/01/2021 | 307 | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS FINAL PRETRIAL CONFERENCE SET FOR 10/7/2021 10:00 AM IN Courtroom 11A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 09/01/2021) |
| 09/01/2021 | 308 | NOTICE OF HEARING as to ARTHUR ROWLAND, HAKIM WILLIAMS JURY TRIAL SET FOR 10/14/2021 09:30 AM IN Courtroom 11A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 09/01/2021) |
| 09/16/2021 | 314 | Pro Se Letter as to ARTHUR ROWLAND. (mac, ) (Entered: 09/16/2021) |
| 09/17/2021 | 315 | NOTICE as to ARTHUR ROWLAND, HAKIM WILLIAMS TELEPHONE CONFERENCE SET FOR 9/20/2021 04:00 PM BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 09/17/2021) |
| 09/20/2021 | 316 | Minute Entryfor proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND, HAKIM WILLIAMS held on 9/20/21.(mac, ) (Entered: 09/21/2021) |
| 09/30/2021 | 323 | ORDER AS TO ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD THAT THE WARDEN OF LEHIGH COUNTY PRISON AND THE USM PRODUCE CURSHAWN BANKS ON OCTOBER 1, 2021, ETC. Signed by HONORABLE GERALD J. PAPPERT on 9/30/21.9/30/21 Entered and Copies E-Mailed. (mac, ) (mac, ). (Entered: 09/30/2021) |
| 10/02/2021 | 324 | NOTICE *Bill of Particulars re Forfeiture Property* by USA as to ARTHUR ROWLAND, HAKIM WILLIAMS, DANIELLE BRADFORD (SHAPIRO, PAUL) (Entered: 10/02/2021) |
| 10/07/2021 | 326 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Final Pretrial Conference as to ARTHUR ROWLAND, HAKIM WILLIAMS held on 10/7/21. Jury selection will begin on Thursday, October 14, 2021.Court Reporter ESR.(mac, ) (Entered: 10/07/2021) |
| 10/12/2021 | 328 | WAIVER of Presence of Court Stenographer or Electronic Sound Recording Operator and Defendant(s) at Drawing of Jury Panel Members in Criminal Trials as to ARTHUR ROWLAND (mac, ) (Entered: 10/12/2021) |
| 10/14/2021 | 329 | SEALED EX PARTE MOTION FILED BY USA AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD. (mac, ) (mac, ). (Entered: 10/14/2021) |
| 10/14/2021 | 330 | SEALED EX PARTE MOTION FILED BY USA AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD. (mac, ) (mac, ). (Entered: 10/14/2021) |
| 10/14/2021 | 352 | (PRO SE) LETTER FILED BY ARTHUR ROWLAND. (ke, ) (Entered: 10/19/2021) |

Appx.014

| 10/15/2021 | [335](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 1 held on 10/14/21 as to ARTHUR ROWLAND, HAKIM WILLIAMS. Voir dire. Jury selected.Court Reporter ESR.(mac, ) (Entered: 10/15/2021) |
|---|---|---|
| 10/18/2021 | [339](#) | Sealed Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: as to ARTHUR ROWLAND held on 10/15/21.(mac, ) (mac, ). (Entered: 10/18/2021) |
| 10/18/2021 | [340](#) | SEALED ORDER AS TO ARTHUR ROWLAND. Signed by HONORABLE GERALD J. PAPPERT on 10/18/21.10/18/21 Entered and Copies E-Mailed. (mac, ) (mac, ). (Entered: 10/18/2021) |
| 10/18/2021 | [342](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 2 as to ARTHUR ROWLAND, HAKIM WILLIAMS held on 10/18/21.Court conducts colloquy with Mr. Rowland regarding a potential conflict. Court will appoint conflict counsel.Court Reporter ESR.(mac, ) (Entered: 10/19/2021) |
| 10/19/2021 | [343](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Status Hearing as to ARTHUR ROWLAND held on 10/18/21. Court conducts colloquy with defendant regarding a conflict with new counsel. Court will appoint cja counsel. Trial is continued. Orders to follow.Court Reporter ESR.(mac, ) (Entered: 10/19/2021) |
| 10/19/2021 | [344](#) | ORDER AS TO ARTHUR ROWLAND THAT JOSEPH MANCANO, ESQUIRE IS APPOINTED UNDER THAT CRIMINAL JUSTICE ACT AS CONFLICT COUNSEL FOR DEFENDANT, ETC. Signed by HONORABLE GERALD J. PAPPERT on 10/18/21.10/19/21 Entered and Copies E-Mailed. (mac, ) (Entered: 10/19/2021) |
| 10/19/2021 | [345](#) | Sealed CJA 23 Financial Affidavit by ARTHUR ROWLAND (mac, ) (mac, ). (Entered: 10/19/2021) |
| 10/19/2021 | [351](#) | ORDER AS TO ARTHUR ROWLAND THAT TRIAL IN THIS MATTER IS CONTINUED, ETC. Signed by HONORABLE GERALD J. PAPPERT on 10/19/21.10/19/21 Entered and Copies E-Mailed. (mac, ) (Entered: 10/19/2021) |
| 10/19/2021 | [355](#) | ORDER AS TO ARTHUR ROWLAND THAT RICHARD J. FUSCHINO, JR., ESQUIRE IS HEREBY APPOINTED AS CJA COUNSEL. GUY SCIOLLA, ESQ. AND PANTELLIS PALIVIDAS, ESQUIRE IS HEREBY REMOVED AS DEFENSE COUNSEL. Signed by HONORABLE GERALD J. PAPPERT on 10/19/21.10/20/21 Entered and Copies E-Mailed. (mac, ) (Entered: 10/20/2021) |
| 10/20/2021 | [357](#) | NOTICE as to ARTHUR ROWLAND TELEPHONE CONFERENCE SET FOR 10/25/2021 10:00 AM BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 10/20/2021) |
| 10/25/2021 | [358](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND held on 10/25/2021. Court Reporter: ESR.(tomg, ) (Entered: 10/25/2021) |
| 10/25/2021 | [359](#) | SCHEDULING ORDER AS TO ARTHUR ROWLAND THAT A FINAL PRETRIAL CONFERENCE WILL BE HELD ON 2/8/2022 AT 10:00 A.M., IN COURTROOM 11A. JURY SELECTION WILL BE HELD ON 2/10/2022 AT 9:30 A.M., IN COURTROOM 11A. TRIAL WILL BEGIN ON 2/14/2022 AT 9:30 A.M., IN COURTROOM 11A. Signed by HONORABLE GERALD J. PAPPERT on 10/25/2021.10/25/2021 Entered and Copies E-Mailed. (tomg, ) (Entered: 10/25/2021) |

| 11/03/2021 | [360](#) | TRANSCRIPT OF STATUS HEARING held on 10/18/2021, before Judge GERALD J. PAPPERT. Court Reporter: ESR; Transcribed by: DOMAN. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/24/2021. Redacted Transcript Deadline set for 12/6/2021. Release of Transcript Restriction set for 2/1/2022. (tomg, ) (Entered: 11/03/2021) |
|---|---|---|
| 11/03/2021 | [361](#) | Notice of Filing of Official Transcript with Certificate of Service re [360](#) Transcript - PDF, 11/3/2021 Entered and Copies Emailed. (tomg, ) (Entered: 11/03/2021) |
| 11/03/2021 | [362](#) | TRANSCRIPT OF TRIAL held on 10/18/2021, before Judge GERALD J. PAPPERT. Court Reporter: ESR; Transcribed by: DOMAN. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/24/2021. Redacted Transcript Deadline set for 12/6/2021. Release of Transcript Restriction set for 2/1/2022. (tomg, ) (Entered: 11/03/2021) |
| 11/03/2021 | [363](#) | Notice of Filing of Official Transcript with Certificate of Service re [362](#) Transcript - PDF, 11/3/2021 Entered and Copies Emailed. (tomg, ) (Entered: 11/03/2021) |
| 11/09/2021 | [365](#) | NOTICE OF HEARING as to ARTHUR ROWLAND JURY TRIAL SET FOR 2/10/2022 09:30 AM IN Courtroom 11A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 11/09/2021) |
| 11/10/2021 | [366](#) | NOTICE OF HEARING as to ARTHUR ROWLAND FINAL PRETRIAL CONFERENCE SET FOR 2/8/2022 10:00 AM IN Courtroom 11A BEFORE HONORABLE GERALD J. PAPPERT. (jelu, ) (Entered: 11/10/2021) |
| 12/28/2021 | [368](#) | MOTION for Writ of Habeas Corpus ad testificandum by USA as to ARTHUR ROWLAND. (SHAPIRO, PAUL) (Entered: 12/28/2021) |
| 12/28/2021 | [369](#) | ORDER AS TO ARTHUR ROWLAND THAT THE WARDEN OF MARION COUNTY JAIL AND THE USMS PRODUCE EDWARD AKWABOAH TO TESTIFY AS A WITNESS IN THE ABOVE-CAPTIONED MATTER, ETC. Signed by HONORABLE GERALD J. PAPPERT on 12/28/21.12/29/21 Entered and Copies E-Mailed. (mac, ) (mac, ). (Entered: 12/29/2021) |
| 01/21/2022 | [381](#) | NOTICE OF HEARING as to ARTHUR ROWLAND FINAL PRETRIAL CONFERENCE RESET FOR 2/9/2022 02:00 PM IN Courtroom 11A BEFORE HONORABLE GERALD J. PAPPERT. (jelu) (Entered: 01/21/2022) |
| 01/23/2022 | [382](#) | MOTION for Order to Show Cause *and alternate service on witness* by USA as to ARTHUR ROWLAND. (Attachments: # [1](#) Declaration Special Agent and attachments) (SHAPIRO, PAUL) (Entered: 01/23/2022) |
| 01/25/2022 | [383](#) | MOTION for Material Witness Warrant by USA as to ARTHUR ROWLAND. (Attachments: # [1](#) Text of Proposed Order warrant for arrest)(SHAPIRO, PAUL) (Entered: 01/25/2022) |
| 01/26/2022 | [384](#) | ORDER THAT THE GOVERNMENT'S MOTION FOR MATERIAL WITNESS WARRANT [383](#) IS GRANTED AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 1/26/22.1/26/22 ENTERED AND COPIES E-MAILED.(mac) (Main Document 384 replaced on 1/26/2022) (mac). (Entered: 01/26/2022) |
| 01/26/2022 | [385](#) | ORDER THAT THE ORDER TO SHOW CAUSE [382](#) IS DENIED AS MOOT AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on |

|  |  | 1/26/22.1/26/22 ENTERED AND COPIES E-MAILED.(mac) (Entered: 01/26/2022) |
|---|---|---|
| 02/01/2022 | 386 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND held on 2/1/22.Court Reporter ESR. (mac, ) (Entered: 02/01/2022) |
| 02/03/2022 | 387 | TRANSCRIPT: Suppression Hearing held on 11/4/19, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber ESR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/24/2022. Redacted Transcript Deadline set for 3/7/2022. Release of Transcript Restriction set for 5/4/2022. Transcriber: Diana Doman Transcribing, LLC. (mac) (Entered: 02/03/2022) |
| 02/03/2022 | 388 | Notice of Filing of Official Transcript with Certificate of Service re 387 Transcript - PDF,, 2/3/22 Entered and Copies Emailed. (mac) (Entered: 02/03/2022) |
| 02/05/2022 | 389 | MOTION to Suppress by ARTHUR ROWLAND. (FUSCHINO, RICHARD) (Entered: 02/05/2022) |
| 02/05/2022 | 390 | MOTION to Dismiss on Speedy Trial by ARTHUR ROWLAND. (FUSCHINO, RICHARD) (Entered: 02/05/2022) |
| 02/07/2022 | 391 | NOTICE *OF ADMINISTRATIVE FORFEITURE OR PURCHASE OF CERTAIN PROPERTY* by USA as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD (Attachments: # 1 Exhibit A)(SHAPIRO, PAUL) (Entered: 02/07/2022) |
| 02/07/2022 | 392 | Certificate of Service by USA as to CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD re 391 Notice (Other) *GOVERNMENTS NOTICE OF ADMINISTRATIVE FORFEITURE OR PURCHASE OF CERTAIN PROPERTY* (SHAPIRO, PAUL) (Entered: 02/07/2022) |
| 02/07/2022 | 393 | RESPONSE in Opposition re 389 MOTION to Suppress filed by USA (SHAPIRO, PAUL) (Entered: 02/07/2022) |
| 02/07/2022 | 394 | RESPONSE in Opposition re 390 MOTION to Dismiss on Speedy Trial filed by USA (SHAPIRO, PAUL) (Entered: 02/07/2022) |
| 02/08/2022 | 395 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND held on 2/8/22.Court Reporter ESR. (mac) (Entered: 02/08/2022) |
| 02/09/2022 | 396 | SEALED MOTION FILED BY USA AS TO ARTHUR ROWLAND, CERTIFICATE OF SERVICE. (mac, ) (mac). (Entered: 02/10/2022) |
| 02/09/2022 | 397 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:FINAL PTC as to ARTHUR ROWLAND held on 2/9/22. Court denies motion to suppress and motion to dismiss speedy trial. Jury selection will begin on Thursday, February 10, 2022.Court Reporter ESR.(mac) (Entered: 02/10/2022) |
| 02/09/2022 | 398 | ORDER THAT DEFENDANT'S PREVIOUSLY FILED MOTION TO SUPPRESS 389 IS DENIED AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 2/9/22.2/10/22 ENTERED AND COPIES E-MAILED.(mac) (Entered: 02/10/2022) |
| 02/10/2022 | 399 | SEALED EX PARTE JUDICIAL DOCUMENT AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD. Signed by HONORABLE GERALD J. PAPPERT on |

|  |  |  |
|---|---|---|
|  |  | 2/9/22.2/10/22 ENTERED AND COPIES E-MAILED.(mac) (mac). (Entered: 02/10/2022) |
| 02/10/2022 | [400](#) | SEALED EX PARTE JUDICIAL DOCUMENT AS TO CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS, DANIELLE BRADFORD. Signed by HONORABLE GERALD J. PAPPERT on 2/9/22.2/10/22 ENTERED AND COPIES E-MAILED.(mac) (mac). (Entered: 02/10/2022) |
| 02/10/2022 | [401](#) | SEALED ORDER AS TO ARTHUR ROWLAND. Signed by HONORABLE GERALD J. PAPPERT on 2/10/22.2/10/22 ENTERED AND COPIES E-MAILED.(mac) (mac). (Entered: 02/10/2022) |
| 02/11/2022 | [402](#) | Rule 5(c)(3) Documents Received as to TIMOTHY BUCK, MATERIAL WITNESS AS TO ARTHUR ROWLAND FROM THE SOUTHERN DISTRICT OF FLORIDA (FT PIERCE CASE #22-mj-00009). (ke, ) (Entered: 02/11/2022) |
| 02/11/2022 | [404](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial Day 1 held on 2/10/22 as to ARTHUR ROWLAND. Voir Dire. Jury of 12 and 2 alternates selected. Court Reporter Shannan Gagliardi. (Attachments: # [1](#) attachment)(mac) (Entered: 02/11/2022) |
| 02/11/2022 | [405](#) | MEMORANDUM OPINION AS TO ARTHUR ROWLAND RE: MOTION TO DISMISS THE INDICTMENT FOR A SIXTH AMENDMENT VIOLATION OF HIS SPEEDY TRIAL RIGHTS. Signed by HONORABLE GERALD J. PAPPERT on 2/11/22.2/14/22 Entered and Copies E-Mailed. (mac) (Entered: 02/14/2022) |
| 02/11/2022 | [406](#) | ORDER AS TO ARTHUR ROWLAND THAT DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR A SIXTH AMENDMENT VIOLATION OF HIS SPEEDY TRIAL RIGHTS IS DENIED. Signed by HONORABLE GERALD J. PAPPERT on 2/11/22.2/14/22 Entered and Copies E-Mailed. (mac) (Entered: 02/14/2022) |
| 02/15/2022 | [408](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 2 as to ARTHUR ROWLAND held on 2/14/22. Jury sworn. Opening statements. Witnesses called and sworn. Court Reporter Shannan Gagliardi.(mac) (Entered: 02/16/2022) |
| 02/16/2022 | [409](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 3 as to ARTHUR ROWLAND held on 2/15/22. Witnesses called and sworn.Court Reporter Shannan Gagliardi.(mac) (Entered: 02/16/2022) |
| 02/17/2022 | [410](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 4 as to ARTHUR ROWLAND held on 2/16/22. Witnesses called and sworn.Court Reporter Shannan Gagliardi.(mac) (Entered: 02/17/2022) |
| 02/17/2022 | [412](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 5 as to ARTHUR ROWLAND held on 2/17/22. Witnesses called and sworn. Government rests.Court Reporter Shannan Gagliardi.(mac) (Entered: 02/18/2022) |
| 02/23/2022 | [417](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A: Jury Trial - Day 6 as to ARTHUR ROWLAND held on 2/18/22. Defense rests. Closing arguments. Judge charge the jury. CSO sworn. Jury questions.Court Reporter Shannan Gagliardi.(mac) (Entered: 02/23/2022) |
| 02/23/2022 | [418](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 7 as to ARTHUR ROWLAND (2) held on 2/22/22. Court |

| | | |
|---|---|---|
| | | grants unopposed motion for mistrial on Counts 1ss-5ss. Trial resumes on bifurcated Count 6ss. Closing arguments. Jury deliberations begin. Jury finds defendant Guilty on Count 6s. Jury polled. Court will have a scheduling call to discuss Counts 1ss-5ss on February 23, 2022. Defendant remanded to USM.Court Reporter Shannan Gagliardi. (mac) (Entered: 02/23/2022) |
| 02/23/2022 | 419 | Jury Verdict Form as to ARTHUR ROWLAND.(mac) (Entered: 02/23/2022) |
| 02/23/2022 | 420 | ORDER AS TO ARTHUR ROWLAND THAT DEFENDANT'S UNOPPOSED ORAL MOTION FOR A MISTRIAL AS TO COUNTS 1SS-5SS IS GRANTED, ETC. Signed by HONORABLE GERALD J. PAPPERT on 2/23/22.2/23/22 Entered and Copies E-Mailed. (mac) (Entered: 02/23/2022) |
| 02/23/2022 | 421 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND held on 2/23/22.(mac) (Entered: 02/23/2022) |
| 02/23/2022 | 422 | ORDER THAT THE CLERK OF COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA BE AND SHE IS HEREBY DIRECTED TO FURNISH MORNING REFRESHMENTS, FOR 12 JURORS AND 2 ALTERNATES ENGAGED IN THE ABOVE ENTITLED CASE FOR THE DATES OF FEBRUARY 14-18 AND FOR 12 JURORS ON FEBRUARY 22, 2022. Signed by HONORABLE GERALD J. PAPPERT on 2/23/22.2/23/22 Entered (mac) (Entered: 02/23/2022) |
| 02/23/2022 | 423 | ORDER THAT THE CLERK OF COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA BE AND SHE IS HEREBY DIRECTED TO FURNISH LUNCH FOR 12 JURORS ENGAGED IN THE ABOVE ENTITLED CASE ON FEBRUARY 18, 2022 AND FOR 10 JURORS ON FEBRUARY 22, 2022. Signed by HONORABLE GERALD J. PAPPERT on 2/23/22.2/23/22 Entered. (mac) (Entered: 02/23/2022) |
| 02/23/2022 | 424 | ORDER AS TO ARTHUR ROWLAND THAT JURY SELECTION WILL BE HELD ON APRIL 21, 2022 AT 9:30 A.M. IN COURTROOM 11A. TRIAL WILL BEGIN ON APRIL 25, 2022 AT 9:30 A.M. IN COURTROOM 11A. Signed by HONORABLE GERALD J. PAPPERT on 2/23/22.2/24/22 Entered and Copies E-Mailed. (mac) (Entered: 02/24/2022) |
| 02/28/2022 | 437 | NOTICE OF HEARING as to ARTHUR ROWLAND JURY TRIAL SET FOR 4/21/2022 09:30 AM IN Courtroom 11A BEFORE HONORABLE GERALD J. PAPPERT. (jelu) (Entered: 02/28/2022) |
| 04/11/2022 | 443 | TRANSCRIPT Trial - Day 2 held on 2/14/22, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber Shannan Gagliardi. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/2/2022. Redacted Transcript Deadline set for 5/12/2022. Release of Transcript Restriction set for 7/11/2022. (mac) (Entered: 04/12/2022) |
| 04/11/2022 | 444 | TRANSCRIPT: Trial - Day 3 held on 2/15/22, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber Shannan Gagliardi. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/2/2022. Redacted Transcript Deadline set for 5/12/2022. Release of Transcript Restriction set for 7/11/2022. (mac) (Entered: 04/12/2022) |
| 04/11/2022 | 445 | TRANSCRIPT Trial - Day 4 held on 2/16/22, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber Shannan Gagliardi. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

Appx.019

| | | |
|---|---|---|
| | | Redaction Request due 5/2/2022. Redacted Transcript Deadline set for 5/12/2022. Release of Transcript Restriction set for 7/11/2022. (mac) (Entered: 04/12/2022) |
| 04/11/2022 | 446 | TRANSCRIPT: Trial - Day 5 held on 2/17/22, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber Shannan Gagliardi. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/2/2022. Redacted Transcript Deadline set for 5/12/2022. Release of Transcript Restriction set for 7/11/2022. (mac) (Entered: 04/12/2022) |
| 04/11/2022 | 447 | TRANSCRIPT: Trial - Day 6 held on 2/18/22, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber Shannan Gagliardi. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/2/2022. Redacted Transcript Deadline set for 5/12/2022. Release of Transcript Restriction set for 7/11/2022. (mac) (Entered: 04/12/2022) |
| 04/11/2022 | 448 | TRANSCRIPT: Trial - Day 7 held on 2/19/22, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber Shannan Gagliardi. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/2/2022. Redacted Transcript Deadline set for 5/12/2022. Release of Transcript Restriction set for 7/11/2022. (mac) (Entered: 04/12/2022) |
| 04/11/2022 | 449 | Notice of Filing of Official Transcript with Certificate of Service re 447 Transcript - PDF, 444 Transcript - PDF, 446 Transcript - PDF, 445 Transcript - PDF, 448 Transcript - PDF, 443 Transcript - PDF, 4/12/22 Entered and Copies Emailed (mac) (Entered: 04/12/2022) |
| 04/22/2022 | 450 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 1 held on 4/21/22 as to ARTHUR ROWLAND. Voir dire. Jury of 12 jurors and 2 alternates selected.Court Reporter ESR. (Attachments: # 1 attachment)(mac) (Entered: 04/22/2022) |
| 04/26/2022 | 451 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 2 as to ARTHUR ROWLAND held on 4/25/22. Jury sworn. Opening statements. Witnesses called and sworn. Court Reporter ESR.(mac) (Entered: 04/26/2022) |
| 04/27/2022 | 452 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 3 as to ARTHUR ROWLAND held on 4/26/22. Witnesses called and sworn.Court Reporter ESR.(mac) (Entered: 04/27/2022) |
| 04/28/2022 | 453 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in 11A:Jury Trial Day 4 as to ARTHUR ROWLAND held on 4/27/22. Witnesses called and sworn.Court Reporter ESR.(mac) (Entered: 04/28/2022) |
| 04/28/2022 | 454 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A:Jury Trial - Day 5 as to ARTHUR ROWLAND held on 4/28/22. Witnesses called and sworn. Government rests. Defense rests. Court Reporter ESR.(mac) (mac). Modified on 5/2/2022 (ap). (Entered: 04/29/2022) |
| 05/02/2022 | 455 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A: JURY TRIAL - DAY 6 as to ARTHUR ROWLAND (2) held on 4/29/2022. Closing statements. Judge charge to jury. Jury deliberations. Verdict - GUILTY on Counts 1ss-4ss and NOT GUILTY on Count 5ss. Jury polled. Sentencing is set for 8/9/2022 at 10:00 a.m. Court Reporter: ESR.(tomg) (Entered: 05/03/2022) |
| 05/02/2022 | 456 | JURY VERDICT FORM AS TO ARTHUR ROWLAND.(tomg) (Entered: 05/03/2022) |

| 05/02/2022 | [457](#) | JUDGMENT OF ACQUITTAL/NOT GUILTY AS TO COUNT 5ss AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 4/29/2022.5/3/2022 Entered and Copies E-Mailed. (tomg) (Entered: 05/03/2022) |
|---|---|---|
| 05/02/2022 | [458](#) | ORDER AS TO ARTHUR ROWLAND THAT POST-TRIAL MOTIONS SHALL BE FILED ON OR BEFORE 5/31/2022, ETC. Signed by HONORABLE GERALD J. PAPPERT on 5/2/2022.5/3/2022 Entered and Copies E-Mailed. (tomg) (Entered: 05/03/2022) |
| 05/02/2022 | [459](#) | ORDER THAT THE CLERK OF COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA BE AND SHE IS HEREBY DIRECTED TO FURNISH MORNING REFRESHMENTS FOR 12 JURORS AND TWO ALTERNATES ENGAGED IN THE ABOVE ENTITLED CASE FOR THE DATES OF 4/25, 26, 27, 28, AND 29, 2022. Signed by HONORABLE GERALD J. PAPPERT on 5/2/2022.5/3/2022 Entered. (tomg) (Entered: 05/03/2022) |
| 05/02/2022 | [460](#) | ORDER THAT THE CLERK OF COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA BE AND SHE IS HEREBY DIRECTED TO FURNISH LUNCH FOR 12 JURORS AND 2 ALTERNATES ENGAGED IN THE ABOVE ENTITLED CASE ON 4/29/2022. Signed by HONORABLE GERALD J. PAPPERT on 5/2/2022.5/3/2022 Entered. (tomg) (Entered: 05/03/2022) |
| 05/04/2022 | [461](#) | NOTICE OF HEARING as to ARTHUR ROWLAND Sentencing set for 8/9/2022 10:00 AM in Courtroom 11A before HONORABLE GERALD J. PAPPERT. (jelu) (Entered: 05/04/2022) |
| 07/07/2022 | [470](#) | SEALED MOTION by USA as to ARTHUR ROWLAND. (FILED UNDER SEAL). (tomg) (tomg). (Entered: 07/08/2022) |
| 07/13/2022 | [471](#) | SEALED ORDER AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 7/13/22.7/13/22 ENTERED AND COPIES E-MAILED.(mac) (mac). (Entered: 07/13/2022) |
| 07/13/2022 | [472](#) | SEALED ORDER AS TO ARTHUR ROWLAND. Signed by HONORABLE GERALD J. PAPPERT on 7/13/22.7/13/22 Entered and Copies E-Mailed. (mac) (mac). (Entered: 07/13/2022) |
| 07/19/2022 | [473](#) | NOTICE OF HEARING as to ARTHUR ROWLAND Sentencing reset for 10/13/2022 10:00 AM in Courtroom 11A before HONORABLE GERALD J. PAPPERT. (jelu) (Entered: 07/19/2022) |
| 10/03/2022 | [475](#) | NOTICE as to ARTHUR ROWLAND TELEPHONE CONFERENCE SET FOR 10/4/2022 11:00 AM BEFORE HONORABLE GERALD J. PAPPERT. (jelu) (Entered: 10/03/2022) |
| 10/04/2022 | [476](#) | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT: Telephone Conference as to ARTHUR ROWLAND held on 10/4/22.(mac) (Entered: 10/04/2022) |
| 10/06/2022 | [477](#) | SENTENCING MEMORANDUM CERTIFICATE OF SERVICE by USA as to ARTHUR ROWLAND (STENGEL, TIMOTHY) (Entered: 10/06/2022) |
| 10/12/2022 | [478](#) | SENTENCING MEMORANDUM by ARTHUR ROWLAND (BRENNAN, WILLIAM) (Entered: 10/12/2022) |
| 10/13/2022 | [479](#) | MOTION for Judgment and Preliminary Order of Forfeiture by USA as to ARTHUR ROWLAND. (SHAPIRO, PAUL) (Entered: 10/13/2022) |

| 10/14/2022 | 480 | ORDER OF FORFEITURE AS TO ARTHUR ROWLAND. Signed by HONORABLE GERALD J. PAPPERT on 10/14/22.10/14/22 Entered and Copies E-Mailed. (mac) (Entered: 10/14/2022) |
|---|---|---|
| 10/14/2022 | 481 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT in Courtroom 11A: Sentencing held on 10/13/22 for ARTHUR ROWLAND (2), Count(s) 1ss, 2ss-3ss, 4ss, 6ss, IMPRISONMENT: 480 MONTHS; SUPERVISED RELEASE: 5 YEARS; SPECIAL ASSESSMENT: $500.00. DEFENDANT IS NOTIFIED OF RIGHT TO APPEAL. DEFENDANT IS REMANDED TO THE CUSTODY OF THE USM.Court Reporter ESR.(mac) (Entered: 10/14/2022) |
| 10/14/2022 | 482 | JUDGMENT AS TO ARTHUR ROWLAND (2), Count(s) 1ss, 2ss-3ss, 4ss, IMPRISONMENT: 480 MONTHS; SUPERVISED RELEASE: 5 YEARS; SPECIAL ASSESSMENT: $500.00; Count(s) 5ss, NOT GUILTY; Count(s) 6ss, IMPRISONMENT: 120 MONTHS; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $500.00. Signed by HONORABLE GERALD J. PAPPERT on 10/14/22.10/14/22 Entered and Copies E-Mailed. (mac) (Entered: 10/14/2022) |
| 10/25/2022 | 485 | TRANSCRIPT: Sentencing held on 10/13/22, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber ESR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/15/2022. Redacted Transcript Deadline set for 11/25/2022. Release of Transcript Restriction set for 1/23/2023. Transcriber: J&J Court Transcribers, LLC.(mac) (Entered: 10/25/2022) |
| 10/25/2022 | 486 | Notice of Filing of Official Transcript with Certificate of Service re 485 Transcript - PDF,, 10/25/22 Entered and Copies Emailed. (mac) (Entered: 10/25/2022) |
| 10/27/2022 | 487 | NOTICE OF APPEAL by ARTHUR ROWLAND RE: 482 JUDGMENT. (**FILING FEE NOT PAID - FILED BY CJA COUNSEL**). (FUSCHINO, RICHARD) Modified on 10/27/2022 (ke). (Entered: 10/27/2022) |
| 10/28/2022 | 488 | NOTICE of Docketing Record on Appeal from USCA as to ARTHUR ROWLAND re 487 Notice of Appeal - Final Judgment filed by ARTHUR ROWLAND. USCA Case Number 22-3022. (mac) (Entered: 10/28/2022) |
| 12/12/2022 | 494 | TRANSCRIPT: FINAL PTC held on 10/7/21, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber ESR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/2/2023. Redacted Transcript Deadline set for 1/12/2023. Release of Transcript Restriction set for 3/12/2023. Transcriber: J&J Court Transcribers, Inc.(mac) (Entered: 12/12/2022) |
| 12/12/2022 | 495 | Notice of Filing of Official Transcript with Certificate of Service re 494 Transcript - PDF,, Entered and Copies Emailed. (mac) (Entered: 12/12/2022) |
| 01/12/2023 | 503 | PRO SE MOTION FOR RETURN OF PROPERTY FILED BY ARTHUR ROWLAND, CERTIFICATE OF SERVICE. (mac) (Entered: 01/13/2023) |
| 01/18/2023 | 504 | ORDER AS TO ARTHUR ROWLAND THAT THE GOVERNMENT SHALL FILE A RESPONSE TO DEFENDANT'S "PRO SE MOTION FOR RETURN OF PROPERTY" BY FEBRUARY 21, 2023. Signed by HONORABLE GERALD J. PAPPERT on 1/18/23.1/18/23 Entered and Copies Mailed and E-Mailed. (mac) (Entered: 01/18/2023) |
| 02/02/2023 | 505 | RESPONSE in Opposition re 503 MOTION for Return of Property/PostTrial filed by USA (SHAPIRO, PAUL) (Entered: 02/02/2023) |

Appx.022

| 02/16/2023 | 506 | Pro Se Traverse Response to opposition of the Government's Motion for Seized Property filed by ARTHUR ROWLAND, certificate of service. (mac) (Entered: 02/16/2023) |
|---|---|---|
| 02/28/2023 | 507 | TPO Form re 487 Notice of Appeal - Final Judgment : (mac) (Entered: 02/28/2023) |
| 03/23/2023 |  | ***Case Reopened as to ARTHUR ROWLAND (mac) (Entered: 03/23/2023) |
| 03/23/2023 | 508 | ORDER THAT DEFENDANT'S MOTION FOR RETURN OF PROPERTY 503 IS DENIED WITHOUT PREJUDICE AS TO ARTHUR ROWLAND (2). Signed by HONORABLE GERALD J. PAPPERT on 3/23/23.3/23/23 ENTERED AND COPIES MAILED AND E-MAILED.(mac) (Entered: 03/23/2023) |
| 04/01/2023 | 512 | PRO SE NOTICE OF APPEAL filed by ARTHUR ROWLAND re 508 Order on Motion for Return of Property/PostTrial, certificate of service. (NO FILING FEE PAID) (Attachments: # 1 Letter)(mac) (Entered: 05/01/2023) |
| 04/28/2023 | 509 | TRANSCRIPT: Partial Transcript of Criminal Jury Trial Day 1 Jury Selection P.M. Session held on 10/14/21, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber ESR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/19/2023. Redacted Transcript Deadline set for 5/30/2023. Release of Transcript Restriction set for 7/27/2023. Transcriber: Diana Doman Transcribing.(mac) (Entered: 04/28/2023) |
| 04/28/2023 | 510 | TRANSCRIPT Partial Transcript of Criminal Jury Trial Day 1 P.M. Session held on 10/14/21, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber ESR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/19/2023. Redacted Transcript Deadline set for 5/30/2023. Release of Transcript Restriction set for 7/27/2023. Transcriber: Diana Doman Transcribing, LLC.(mac) (Entered: 04/28/2023) |
| 04/28/2023 | 511 | Notice of Filing of Official Transcript with Certificate of Service re 510 Transcript - PDF,, 509 Transcript - PDF,, 4/28/23 Entered and Copies Emailed. (mac) (Entered: 04/28/2023) |
| 05/03/2023 | 513 | NOTICE of Docketing Record on Appeal from USCA as to ARTHUR ROWLAND re 512 Notice of Appeal - Final Judgment filed by ARTHUR ROWLAND. USCA Case Number 23-1821. (mac) (Entered: 05/03/2023) |
| 05/30/2023 | 514 | PARTIAL TRANSCRIPT OF JURY TRIAL - DAY 1 held on 4/21/2022, before Judge GERALD J. PAPPERT. Court Reporter/Transcriber ESR. TRANSCRIBED BY: DOMAN. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/20/2023. Redacted Transcript Deadline set for 6/30/2023. Release of Transcript Restriction set for 8/28/2023. (tomg) (Entered: 05/31/2023) |
| 05/30/2023 | 515 | TRANSCRIPT OF JURY TRIAL - DAY 2 held on 4/25/2022, before Judge GERALD J. PAPPERT. Court Reporter: ESR. TRANSCRIBED BY: DOMAN. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/20/2023. Redacted Transcript Deadline set for 6/30/2023. Release of Transcript Restriction set for 8/28/2023. (tomg) (Entered: 05/31/2023) |
| 05/30/2023 | 516 | TRANSCRIPT OF JURY TRIAL - DAY 3 held on 4/26/2022, before Judge GERALD J. PAPPERT. Court Reporter: ESR. TRANSCRIBED BY: DOMAN. Transcript may be |

Appx.023

| | | viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/20/2023. Redacted Transcript Deadline set for 6/30/2023. Release of Transcript Restriction set for 8/28/2023. (tomg) (Entered: 05/31/2023) |
|---|---|---|
| 05/30/2023 | 517 | TRANSCRIPT OF JURY TRIAL - DAY 4 held on 4/27/2022, before Judge GERALD J. PAPPERT. Court Reporter: ESR. TRANSCRIBED BY: DOMAN. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/20/2023. Redacted Transcript Deadline set for 6/30/2023. Release of Transcript Restriction set for 8/28/2023. (tomg) (Entered: 05/31/2023) |
| 05/30/2023 | 518 | TRANSCRIPT OF JURY TRIAL - DAY 5 held on 4/28/2022, before Judge GERALD J. PAPPERT. Court Reporter: ESR. TRANSCRIBED BY: DOMAN. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/20/2023. Redacted Transcript Deadline set for 6/30/2023. Release of Transcript Restriction set for 8/28/2023. (tomg) (Entered: 05/31/2023) |
| 05/30/2023 | 519 | PARTIAL TRANSCRIPT OF JURY TRIAL - DAY 6 held on 4/29/2022, before Judge GERALD J. PAPPERT. Court Reporter: ESR. TRANSCRIBED BY: DOMAN. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/20/2023. Redacted Transcript Deadline set for 6/30/2023. Release of Transcript Restriction set for 8/28/2023. (tomg) (Entered: 05/31/2023) |
| 05/30/2023 | 520 | Notice of Filing of Official Transcript with Certificate of Service re 514 Transcript - PDF,, 519 Transcript - PDF,, 518 Transcript - PDF, 515 Transcript - PDF, 517 Transcript - PDF, 516 Transcript - PDF, 5/31/2023 Entered and Copies Emailed. (tomg) (Entered: 05/31/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/13/2023 12:55:58 | | |
| **PACER Login:** | msully142 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-cr-00579-GJP |
| **Billable Pages:** | 21 | **Cost:** | 2.10 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ARTHUR ROWLAND                                   Criminal Action No.: 18-cr-00579

.NOTICE OF APPEAL

Notice is hereby given that Arthur Rowland, defendant in the above captioned case, hereby appeals to the United States Court of Appeals for the Third Circuit, from the Order issued on October 14, 2022, 2022.

Respectfully submitted,

Richard J. Fuschino, Esquire
1600 Locust Street
Philadelphia, PA 19103
215-515-4600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ARTHUR ROWLAND                          Criminal Action No.: 18-cr-00579

      I hereby certify that a true and correct copy of the Notice of Appeal was electronically filed with the Court this October 26, 2022. All counsel of record will receive service by the Court-generated notice and may access the documents via the Court's ECF/electronic filing system.

Appx.026

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| | ) |
| | ) Case Number:  DPAE2:18CR000579-002 |
| ARTHUR ROWLAND | ) USM Number:  76947-066 |
| | ) |
| | ) Richard Fuschino, Esq. |
| | ) Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1ss-4ss, 6ss
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 | Conspiracy to distribute 500 grams or more of methamphetamine and marijuana | December 2018 | 1ss |
| 21:846,841(a)(1),(b)(1)(A), and 18:2 | Possession with intent to distribute methamphetamine, aiding and abetting | December 2018 | 2ss-3ss |
| 21:841(a)(1),(b)(1)(A) | Possession with intent to distribute methamphetamine | December 2018 | 4ss |
| 18:922(g)(1) | Possession of firearm and/or ammunition by a felon | December 2018 | 6ss |

The defendant is sentenced as provided in pages 2 through ____8____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)   5ss

☐ Count(s) _____ ☐ is ☐ dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 13, 2022
Date of Imposition of Judgment

_signature_
Signature of Judge

Gerald J. Pappert, United States District Judge
Name and Title of Judge

October 14, 2022
Date

Appx.027

AO 245B (Rev. 09/19)   Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:        ARTHUR ROWLAND
CASE NUMBER:      18-CR-579-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**480 MONTHS.** This term consists of 480 months on each of Counts 1ss through 4ss, and a term of 120 months on Count 6ss, such terms to run concurrently to produce a total term of 480 months imprisonment.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Appx.028

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:      **ARTHUR ROWLAND**
CASE NUMBER:    18-CR-579-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

**5 YEARS.** This term consists of 5 years on each of counts 1ss through 4ss, and a term of 3 years on count 6ss, such terms to run concurrently.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)

4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Appx.029

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                   Sheet 3A — Supervised Release

| | | | | | |
|---|---|---|---|---|---|
| | | Judgment—Page | 4 | of | 8 |

DEFENDANT:      ARTHUR ROWLAND
CASE NUMBER:  18-CR-579-2

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature   _____    Date _____

Appx.030

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3B — Supervised Release

DEFENDANT:       **ARTHUR ROWLAND**
CASE NUMBER:     18-CR-579-2

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in a mental health program for evaluation and/or treatment and abide by the rules of any such program until satisfactorily discharged.

The defendant shall refrain from the use of alcohol and shall submit to testing to ensure compliance. It is further ordered that the defendant shall participate in alcohol treatment and abide by the rules of any such program until satisfactorily discharged.

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall participate in drug treatment and abide by the rules of any such program until satisfactorily discharged.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___8___

DEFENDANT: **ARTHUR ROWLAND**
CASE NUMBER: 18-CR-579-2

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment\*** | **JVTA Assessment\*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $ 500.00 | $ 0.00 | $ 0.00 | $ | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Payable to Clerk, U.S. District Court | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for ☐ fine ☐ restitution.

    ☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Appx.032

Judgment — Page ___7___ of ___8___

DEFENDANT:   **ARTHUR ROWLAND**
CASE NUMBER:   18-CR-579-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of $ __500_____ due immediately, balance due

  ☐  not later than _____ , or
  ☐  in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

  Case Number
  Defendant and Co-Defendant Names           Joint and Several        Corresponding Payee,
  *(including defendant number)*   Total Amount        Amount              if appropriate

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
  **a) One (1) Century Arms, model Draco Mini, 7.62mm semi-automatic pistol, with an obliterated serial number; b) One (1) Century Arms, model Draco Micro, 7.62mm semi-automatic pistol, with an obliterated serial number; c) One (1) Sig Sauer .40 caliber semi-automatic handgun, bearing serial number 58B013687; SEE NEXT PAGE**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Appx.033

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

DEFENDANT:       ARTHUR ROWLAND
CASE NUMBER:     18-CR-579-2

## ADDITIONAL FORFEITED PROPERTY

d) One (1) Keltec 9mm semi-automatic handgun, bearing serial number 49598
e) One (1) Glock semi-automatic handgun, bearing serial number TTB692
f) Eighty-six (86) live rounds of 7.62mm ammunition
g) Ten (10) live rounds of .40 caliber ammunition
h) Four (4) live rounds of 9mm ammunition

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.__18-579_____ |
| | | |
| v. | : | DATE FILED:__October 9, 2019_____ |
| | | |
| CURSHAWN BANKS | : | VIOLATIONS: |
| ARTHUR ROWLAND | | 21 U.S.C. § 846 (conspiracy to distribute |
| a/k/a "Bo," | : | 500 grams or more of methamphetamine |
| ISIAH ULMER | | and marijuana -- 1 count) |
| HAKIM WILLIAMS | : | 21 U.S.C. § 841(a)(1) (possession with |
| JEFFREY STAMPS | | intent to distribute methamphetamine, |
| DANIELLE BRADFORD | : | heroin, fentanyl and/or marijuana – |
| | | 6 counts) |
| | : | 18 U.S.C. § 924(c)(1)(A) (possession of |
| | | firearm in furtherance of drug trafficking |
| | : | crime – 3 counts) |
| | | 18 U.S.C. § 922(g)(1) (possession of |
| | : | firearm and/or ammunition by a |
| | | felon – 2 counts) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |
| | | Notices of forfeiture |

## SECOND SUPERSEDING INDICTMENT

## COUNT ONE

### THE GRAND JURY CHARGES THAT:

1.     From in or about January 2018, through on or about December 14, 2018, in

Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

**CURSHAWN BANKS,**
**ARTHUR ROWLAND,**
**a/k/a "Bo,"**
**ISIAH ULMER,**
**HAKIM WILLIAMS,**
**JEFFREY STAMPS, and**
**DANIELLE BRADFORD**

conspired and agreed, with each other and with other persons known and unknown to the Grand

Jury, to knowingly and intentionally distribute controlled substances, in violation of Title 21,

United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D).

Appx.035

2. It is further alleged, with respect to the conspiracy charged in this Count, that the distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, and of fifty (50) grams or more of methamphetamine, was reasonably foreseeable to defendants CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS and DANIELLE BRADFORD, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

3. It is further alleged, with respect to the conspiracy charged in this Count, that the distribution of marijuana was reasonably foreseeable to defendants CURSHAWN BANKS, ISIAH ULMER and JEFFREY STAMPS, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

4. Before defendant CURSHAWN BANKS committed the offense charged in this count, defendant BANKS had final convictions on two (2) separate occasions of manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance, both serious drug felonies, for which he served more than 12 months of imprisonment as to each of those convictions, and for which he was released from serving any term of imprisonment related to each of those offenses within 15 years of the commencement of the instant offense.

## MANNER AND MEANS

It was part of the conspiracy that:

1. Defendants CURSHAWN BANKS, ARTHUR ROWLAND, ISIAH ULMER, HAKIM WILLIAMS, JEFFREY STAMPS and DANIELLE BRADFORD, and Person # 1, a person known to the Grand Jury, were members of a drug trafficking organization (DTO) that distributed methamphetamine and marijuana. From in or about January 2018, through on or about December 14, 2018, the DTO distributed in excess of 500 grams of methamphetamine.

Appx.036

2.      Members of the DTO, including defendants CURSHAWN BANKS and ISIAH ULMER, arranged with various source of supply, including Person # 1, to purchase quantities of methamphetamine and marijuana and have the controlled substances shipped, via the United States Postal Service and via Federal Express, to specific addresses in and around Philadelphia and southern New Jersey.

3.      Payment for packages of controlled substances was at times accomplished by causing bank transfers of funds to be made to accounts designated by Person # 1.  Members of the DTO, including defendant HAKIM WILLIAMS, made such transfers themselves and further arranged with other persons holding accounts at various financial institutions to make such transfers on behalf of the DTO.

4.      At other times, members of the DTO, including defendant STAMPS, made payment for packages of controlled substances using money orders transmitted through a national retailer with locations in California.

5.      Defendants CURSHAWN BANKS, HAKIM WILLIAMS and Person # 1 also arranged for couriers, including defendant DANIELLE BRADFORD, to deposit cash in bank accounts and carry cash on her person to California in order to pay Person # 1 for the controlled substances purchased by the DTO.

6.      Defendant ARTHUR ROWLAND and other members of the DTO provided specific addresses in Philadelphia and southern New Jersey to be used by Person # 1 to ship the DTO's packages containing the controlled substances.  Defendant ROWLAND and other members of the DTO then arranged for persons at these addresses to accept the packages and provide them to the members of the DTO upon receipt.

3

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects, the defendants and others known and unknown to the Grand Jury committed the following overt acts, among others:

1. On or about January 9, 2018, defendant CURSHAWN BANKS traveled from Philadelphia, Pennsylvania to Los Angeles, California.

On or about January 18, 2018:

2. Defendant HAKIM WILLIAMS deposited $9,000 in a Bank of America account held in his own name.

3. Defendant HAKIM WILLIAMS transferred $9,000 from his own Bank of America account to defendant ISIAH ULMER's Bank of America account.

4. On or about January 19, 2018, defendant CURSHAWN BANKS shipped a parcel containing controlled substances from Los Angeles, California to his associate S.B. (deceased) in Philadelphia, Pennsylvania via Federal Express.

5. On or about June 18, 2018, defendant CURSHAWN BANKS asked Person # 1 to have methamphetamine ready for defendant BANKS when defendant BANKS arrived in Los Angeles.

6. On or about July 2, 2018, Person # 1 provided defendant CURSHAWN BANKS with bank account information for Person # 2, known to the Grand Jury, so that drug proceeds could be transferred to Person # 2's account as payment for methamphetamine purchased from Person # 1.

7. On or about July 3, 2018, defendant HAKIM WILLIAMS transferred $9,000 from his own bank account to Person # 2's bank account as Person # 1 had directed defendant CURSHAWN BANKS the previous day.

4

8.      On or about July 7, 2018, defendant DANIELLE BRADFORD traveled from Los Angeles, California, to Philadelphia, Pennsylvania, in order to personally collect money which was intended as payment to Person # 1 for the purchase of controlled substances.

9.      On or about July 8, 2018, defendants DANIELLE BRADFORD and HAKIM WILLIAMS traveled together to a Wells Fargo bank, at which defendant BRADFORD deposited some money given to her by defendant WILLIAMS.

10.      On or about August 20, 2018, defendants ISIAH ULMER and CURSHAWN BANKS discussed defendant ULMER's suspicions that authorities were investigating their drug-trafficking activities.

11.      On or about September 11, 2018, defendants ARTHUR ROWLAND and CURSHAWN BANKS discussed the status of supplies of methamphetamine that they expected to receive from Person # 1.

12.      On or about September 25, 2018, defendant JEFFREY STAMPS obtained and sent a U.S. Postal Service money order to the residence of Person # 1 in Los Angeles, California, in order for the cash to be used to pay for controlled substances.

13.      On or about September 29, 2018, defendant JEFFREY STAMPS obtained and sent a U.S. Postal Service money order to the residence of Person # 1 in Los Angeles, California, in order for the cash to be used to pay for controlled substances.

14.      On or about October 4, 2018, defendant CURSHAWN BANKS asked defendant ARTHUR ROWLAND to provide two addresses to him, which defendant CURSHAWN BANKS then provided to Person # 1 as addresses to which parcels containing methamphetamine could be mailed and delivered.

15.      On or about October 6, 2018, defendant ARTHUR ROWLAND assured defendant

5

Appx.039

CURSHAWN BANKS that defendant ROWLAND's associates were aware that packages containing methamphetamine would be delivered that day, and were prepared to receive them.

16.     On or about November 20, 2018, defendant ISIAH ULMER asked defendant CURSHAWN BANKS to provide Person # 1 with another phone number used by defendant ULMER.

On or about December 14, 2018:

17.     Defendant ARTHUR ROWLAND possessed approximately one (1) kilogram of methamphetamine in a drawer underneath the stove in the kitchen of his residence.

18.     Defendant ARTHUR ROWLAND possessed two (2) 7.62mm semi-automatic pistols, hidden inside a concealed compartment located within a television stand at his residence, as well as a drum magazine containing seventy-two (72) live rounds of 7.62mm ammunition.

19.     Defendant HAKIM WILLIAMS possessed methamphetamine, heroin and fentanyl in his residence.

20.     Defendant HAKIM WILLIAMS possessed a KelTec 9mm semi-automatic handgun, as well as a magazine containing four (4) live rounds of 9mm ammunition in his residence.

21.     Defendant JEFFREY STAMPS possessed bulk methamphetamine, marijuana, a digital scale, narcotics packaging material, a loaded Glock semi-automatic handgun, and approximately $3,061 in U.S. currency in his residence.

All in violation of Title 21, United States Code, Section 846.

Appx.040

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 29, 2018, in the District of New Jersey, and elsewhere, defendants

### CURSHAWN BANKS and
### ARTHUR ROWLAND,
### a/k/a "Bo"

knowingly and intentionally attempted to possess with the intent to distribute, and aided and abetted the attempted possession with the intent to distribute, 500 grams or more, that is, approximately 1,818 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

Before defendant CURSHAWN BANKS committed the offense charged in this count, defendant BANKS had final convictions on two (2) separate occasions of manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance, both serious drug felonies, for which he served more than 12 months of imprisonment as to each of those convictions, and for which he was released from serving any term of imprisonment related to each of those offenses within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

7

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 23, 2018, in Los Angeles, in the Central District of California, and elsewhere, defendants

**CURSHAWN BANKS and
ARTHUR ROWLAND,
a/k/a "Bo"**

knowingly and intentionally attempted to possess with the intent to distribute, and aided and abetted the attempted possession with the intent to distribute, 500 grams or more, that is, approximately 2,675 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 50 grams or more, that is, approximately 2,661 grams, of methamphetamine, a Schedule II controlled substance.

Before defendant CURSHAWN BANKS committed the offense charged in this count, defendant BANKS had final convictions on two (2) separate occasions of manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance, both serious drug felonies, for which he served more than 12 months of imprisonment as to each of those convictions, and for which he was released from serving any term of imprisonment related to each of those offenses within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

8

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 14, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### ARTHUR ROWLAND,
### a/k/a "Bo"

knowingly and intentionally possessed with the intent to distribute 500 grams or more, that is, approximately 1,024 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 50 grams or more, that is, approximately 1,012 grams of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A).

9

Appx.043

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 14, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### ARTHUR ROWLAND,
### a/k/a "Bo"

knowingly possessed a firearm, that is, at least one of the following: a Century Arms, model Draco Mini, 7.62mm semi-automatic pistol, with an obliterated serial number; a Century Arms, model Draco Micro, 7.62mm semi-automatic pistol, with an obliterated serial number; and a Sig Sauer .40 caliber semi-automatic handgun, bearing serial number S8B0136787; in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Four of this second superseding indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

Appx.044

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 14, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### ARTHUR ROWLAND,
### a/k/a "Bo"

knowing that he had been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, at least one of the following:

      (1)     a Century Arms, model Draco Mini, 7.62mm semi-automatic pistol, with an obliterated serial number;

      (2)     a Century Arms, model Draco Micro, 7.62mm semi-automatic pistol, with an obliterated serial number;

      (3)     a Sig Sauer .40 caliber semi-automatic handgun, bearing serial number S8B0136787;

      (4)     eighty-six (86) live rounds of 7.62mm ammunition; and

      (5)     ten (10) live rounds of .40 caliber ammunition;

and that firearm and ammunition were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

11

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 14, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### HAKIM WILLIAMS

knowingly and intentionally possessed with the intent to distribute 500 grams or more, that is, approximately 775 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 50 grams or more, that is, approximately 775 grams of methamphetamine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(C).

12

Appx.046

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 14, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### HAKIM WILLIAMS

knowingly possessed a firearm, that is, a KelTec 9mm semi-automatic handgun, bearing serial number 49598, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, possession with the intent to controlled substances, as charged in Count Seven of this second superseding indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 14, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### HAKIM WILLIAMS,

knowing that he had previously been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a KelTec 9mm semi-automatic handgun, bearing serial number 49598, and four (4) live rounds of 9mm ammunition, and that firearm and ammunition were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

14

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 14, 2018, in Delaware County, in the Eastern District of Pennsylvania, defendant

### JEFFREY STAMPS

knowingly and intentionally possessed with the intent to distribute, and aided and abetted the possession with intent to distribute, 50 grams or more, that is, approximately 305 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 50 grams or more, that is, approximately 302 grams of methamphetamine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(B), and Title 18, United States Code, Section 2.

15

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 14, 2018, in Delaware County, in the Eastern District of Pennsylvania, defendant

### JEFFREY STAMPS

knowingly possessed a firearm, that is a Glock semi-automatic handgun, bearing serial number TTB692, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, aiding and abetting the possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Ten of this second superseding indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

16

## NOTICE OF FORFEITURE 1

### FORFEITURE - 21 U.S.C. § 853

### THE GRAND JURY FURTHER CHARGES THAT:

1.     As a result of each of the violations of Title 21, United States Code, Sections 846

and 841(a)(1) as set forth in this second superseding indictment, defendants

**CURSHAWN BANKS,**
**ARTHUR ROWLAND,**
**a/k/a "Bo,"**
**ISIAH ULMER,**
**HAKIM WILLIAMS,**
**JEFFREY STAMPS, and**
**DANIELLE BRADFORD**

shall forfeit to the United States of America:

(a)     any property used or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such offense; and

(b)     any property constituting, or derived from, proceeds obtained

directly or indirectly from the commission of such offense.

2.     The property subject to forfeiture includes, but is not limited to, the following:

(a)     Approximately $5,199 in United States currency seized from

defendant HAKIM WILLIAMS on December 14, 2018.

(b)     Approximately $16,990 in United States currency seized from

defendant ARTHUR ROWLAND on December 14, 2018.

(c)     Approximately $3,061 in United States currency seized from

defendant JEFFREY STAMPS on December 14, 2018.

3.     If any of the property subject to forfeiture, as a result of any act or omission of the

defendant:

17

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the Court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

18

Appx.052

## NOTICE OF FORFEITURE 2

## FORFEITURE - 18 U.S.C. § 924(d)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Sections 924(c) and

922(g)(1) as set forth in this second superseding indictment, defendants

**ARTHUR ROWLAND,**
**a/k/a "Bo,"**
**HAKIM WILLIAMS, and**
**JEFFREY STAMPS**

shall forfeit to the United States of America any firearm or ammunition involved in or used in such

violation.

2.      The property subject to forfeiture includes, but is not limited to, the following:

a.      One (1) Century Arms, model Draco Mini, 7.62mm semi-automatic pistol,

with an obliterated serial number;

b.      One (1) Century Arms, model Draco Micro, 7.62mm semi-automatic pistol,

with an obliterated serial number;

c.      One (1) Sig Sauer .40 caliber semi-automatic handgun, bearing serial

number S8B0136787;

d.      One (1) Keltec 9mm semi-automatic handgun, bearing serial number

49598;

e.      One (1) Glock semi-automatic handgun bearing serial number TTB692;

f.      Eighty-six (86) live rounds of 7.62mm ammunition;

g.      Ten (10) live rounds of .40 caliber ammunition; and

h.      Four (4) live rounds of 9mm ammunition.

19

Appx.053

All pursuant to Title 18, United States Code, Section 924(d).

**A TRUE BILL:**

_____

**GRAND JURY FOREPERSON**

_Denise Wolf for_
_____

**WILLIAM M. McSWAIN**
**United States Attorney**

Appx.054

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INDICTMENT

DESIGNATION FORM to be used by counsel to indicate the category of the case for the
purpose of assignment to appropriate calendar.

Address of Plaintiff: 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476

Post Office: Philadelphia                    County: Philadelphia

City and State of Defendant: Philadelphia

County: Philadelphia          Register number: SEE REVERSE
Place of accident, incident, or transaction:          Eastern District of Pennsylvania

Post Office:                              County:
RELATED CASE, IF ANY:

Criminal cases are deemed related when the answer to the following question is "yes".

Does this case involve a defendant or defendants alleged to have participated in the same
action or transaction, or in the same series of acts or transactions, constituting an offense
or offenses?

YES/NO: No

_____ Case Number:                    Judge: _____
CRIMINAL:   (Criminal Category - FOR USE BY U.S. ATTORNEY ONLY)

1.        ⃝  Antitrust

2.        ⃝  Income Tax and other Tax Prosecutions

3.        ⃝  Commercial Mail Fraud

4.        ⃝  Controlled Substances

5.        ⃝  Violations of 18 U.S.C. Chapters 95 and 96 (Sections 1951-55 and 1961-68)
             and Mail Fraud other than commercial

6.        ⦿  General Criminal
          (U.S. ATTORNEY WILL PLEASE DESIGNATE PARTICULAR  CRIME AND
          STATUTE CHARGED TO BE VIOLATED AND STATE ANY PREVIOUS
          CRIMINAL NUMBER FOR SPEEDY TRIAL ACT TRACKING PURPOSES)
          21 U.S.C.§ 846 (conspiracy to distribute 500 grams or more of methamphetamine and marijuana- 1 count
          21 U.S.C.§ 841(a)(1) (possession with intent to distribute methamphetamine, heroin, fentanyl and marijuana- 6
          counts)
          18 U.S.C.§ 924 ©(1) (possession of firearm and/or ammunition by a felon – 2 count)
          18 U.S.C.§ 2(aiding and betting) Notice of forfeiture

DATE:   10/9/2019                    _Seth Schlessinger_
                                     SETH SCHLESSINGER
                                     Assistant United States Attorney

File No. 2018R00579
U.S. v. Curshawn Banks
et al

Appx.055

Curshawn Banks – USMS Number 76949-066
Arthur Rowlland – USMS Number -  76949-066
Isiah Ulmer – USMS Number – 76949-006
Jeffrey Stamps – USMS Number- 76951-066
Hakim Williams- USMS Number- 76949-066