IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | No. 22-3022 |
| **ARTHUR ROWLAND,** : | |
|    a/k/a "BO" | |

**APPELLEE'S MOTION TO STAY APPEAL**

The government, as appellee in this matter, moves to stay this appeal and the briefing schedule pending the Court's resolution of the appellant's motion to replace his Court-appointed counsel. For the reasons that follow, the government believes that such a stay would conserve the resources of the Court and the parties.

Defendant Arthur Rowland was convicted in the United States District Court for the Eastern District of Pennsylvania of: (i) one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846; (ii) three counts of attempted possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); (iii) one count of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (iv) possession of a firearm and/or ammunition by a felon, in

violation of 18 U.S.C. § 922(g)(1). On October 13, 2022, the district court sentenced him to 480 months of imprisonment.

Rowland timely appealed his conviction and sentence by a notice of appeal filed October 27, 2022. Rowland's counsel filed his merits brief and appendix on July 26, 2023.

On August 4, 2023, the defendant filed a *pro se* supplemental brief seeking to add issues and arguments to those submitted by his attorney (Docket No. 28-1). On August 7, 2023, this Court issued an order providing that no action would be taken on the defendant's *pro se* brief in view of the fact that he was represented by counsel, although the brief was to be forwarded to that counsel for his review (Docket No. 29).

On August 9, 2023, Rowland filed a motion to replace his appellate counsel with a new lawyer (Docket 30-1). Rowland claimed that his attorney had told Rowland's family that the attorney would file an *Anders* brief and move to withdraw from the representation.[1] Rowland asked the Court to remove his counsel and appoint a new attorney to represent him in his criminal appeal.[2]

---

[1] In fact, Rowland's counsel did not file an *Anders* brief nor did he move to withdraw from his representation.

[2] Rowland also has pending a separate *pro se* appeal from the district court's without-prejudice denial of Rowland's motion for the return of certain of his property. That appeal, docketed in this Court at No. 23-1821, is not affected by this motion.

The government's brief as appellee is presently due to be filed by August 16, 2023. However, the pendency of the motion to replace Rowland's counsel has the potential to dramatically alter the issues on appeal and the entire nature of the case. As matters stand, the focus of Rowland's merits brief is the sufficiency of the evidence to support Rowland's convictions. In contrast, Rowland's 64-page *pro se* supplemental brief raises a collection of other types of alleged errors, ranging from discovery, to pretrial suppression, to trial rulings, to post-trial rulings, and to alleged prosecutorial misconduct.

If counsel is replaced, the new counsel may assume some of current counsel's arguments, some of Rowland's *pro se* arguments, or new arguments that neither the defendant nor his counsel have yet raised. Likewise, if current counsel remains on the case, he may choose to adopt some of the additional arguments for which his client has advocated. In either case, if the government prepares and files its brief before the questions of representation and the contents of the defendant's appellate brief are resolved, it will likely have devoted time to briefing issues that have become irrelevant while failing to address issues that have become central to the Court's consideration. Likewise, any attention that the Court pays to the merits of Rowland's appeal before those questions are resolved may become moot or irrelevant.

As the decisions about Rowland's representation and the contents of his brief on appeal will significantly impact the nature and content of the government's response and the Court's consideration of the case, the government

requests that this appeal be stayed pending resolution of Rowland's motion for new counsel and the filing of any further defense brief. This action would not prejudice Rowland, given that he has sought to replace his attorney and inject additional issues into the case.

Respectfully yours,

JACQUELINE C. ROMERO
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals


*/s Paul G. Shapiro*
PAUL G. SHAPIRO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Richard J. Fuschino, Esquire
>Law Office of Richard J. Fuschino
>1600 Locust Street
>Philadelphia, PA  19103
>rjf@fuschinolaw.com

>*/s Paul G. Shapiro*
>PAUL G. SHAPIRO
>Assistant United States Attorney

DATED:  August 14, 2023.