United States Courts of Appeal
  for the Third Circuit
21400 US Courthouse
601 Market Street
Philadelphia, PA 19106

8/3/23



RECEIVED
AUG 1 1 2023
U.S.C.A. 3rd. CIR

Re: United States vs. Arthur Rowland No. 22-3022

To the Honorable Judges of the Court
    I, Arthur Rowland am writing the courts in regards to the lack of communication between me and my attorney Richard Fauschino. The last communication between us was during my sentencing where we discussed and agreed upon some issues we would file during my appeal. It is my understanding that Mr. Fauschino has filed my briefing without conferring with me. It is also my understanding he deliberately neglected to file the issues we agreed upon in October 2022. I have sent numerous emails requesting my transcripts and issues I wanted to file and he has not responded to me nor my families request. I have also attached some of those emails with this letter. Mr Fauschino's lack of communication to me or my family raises great concern. The issues he has filed without conferring with me has zero chances of success in the third Circuit court. I have also filed a Pro se brief to the court on 7/26/2023 that I am asking to be amended. I also would like

to know if there is any way I can get another attorney to represent me at this point? I would greatly appriciate a respone or a solution from the Courts.

Respectfully,

Arthur Bowland

United States Courts of Appeal
 for the Third Circuit
21400 US Courthouse
601 Market Street
Philadelphia, PA 19106

8/3/23



ECEIVE
AUG 1 1 2023
U.S.C.A. 3rd. CIR

Re: United States vs. Arthur Rowland  No. 22-3022

To the Honorable Judges of the Court
    I, Arthur Rowland am writing the Courts in
regards to the lack of communication between me and
my attorney Richard Fauschino. The last communication
between us was during my sentencing where we discussed
and agreed upon some issues we would file during my
appeal. It is my understanding that Mr. Fauschino has
filed my briefing without conferring with me. It is also my
understanding he deliberately neglected to file the issues
we agreed upon in October 2022. I have sent numerous
emails requesting my transcripts and issues I wanted
to file and he has not responded to me nor my families
request. I have also attached some of those emails
with this letter. Mr Fauschino's lack of communication
to me or my family raises great concern. The issues he
has filed without conferring with me has zero chances
of sucess in the third Circuit Court. I have also filed
a Pro se brief to the court on 7/26/2023 that
I am asking to be amended. I also would like

to Know if there is any way I can get another attorney to represent me at this point? I would greatly appriecate a respone or a solution from the Courts.

Respectfully,

Arthur Bowland

 

**Arthur Rowland**

_____ @gmail.com>                                    Sun, Oct 30, 2022 at 10:26 PM
To: <rjf@fuschinolaw.com>

Hello,
I spoke with Arthur this evening he states he is being moved tomorrow. He's a bit overwhelmed because he had requested to see you before he left to speak with you about a few things and he also needed the paper work that I requested on Monday and in the below email on Wednesday.

Is it possible I can come this week to pick up the requested documents? Also would you be able to send those documents to him?

I do understand that Arthur is not your only client but he also called your office and spoke to someone who stated they would get him the documents and send the message over to you about the visit. It seems to be some type of disconnect and he feels like with the upcoming appeal process he does not want to have that disconnect especially going to a facility where the communication will be little to none.

If you prefer to respond to my email that is fine but if you would like to contact me it _____

I hope to hear from you soon.

Thank you for your time
_____
[Quoted text hidden]

 

## Re: Arthur Rowland 3rd follow up

████████ ████████@gmail.com>                                                                      Sat, Nov 19, 2022 at 7:24 PM
To: <rjf@fuschinolaw.com>

Hello,
I am following up regarding Arthur's  docket sheet, judgement and commitment and statement of facts. Was this information sent to him? Is there any progress on his appeal? If I don't receive a response I will be contacting your office again or coming in person to request that this is handled in a timely manner.
[Quoted text hidden]

 

@gmail.com>

---

**Re: Arthur Rowland 3rd follow up**

@gmail.com>
To: <rjf@fuschinolaw.com>                                                 Thu, Nov 10, 2022 at 2:54 PM

Hello,
I am following up again requesting that a copy of Arthur's judgment and commitment docket sheet and sentencing and reasoning be sent to his new facility USP Hazelton at your earliest convenience.

> On Sun, Oct 30, 2022 at 10:26 PM                                    wrote:
>> Hello,
>> I spoke with Arthur this evening he states he is being moved tomorrow. He's a bit overwhelmed because he had requested to see you before he left to speak with you about a few things and he also needed the paper work that I requested on Monday and in the below email on Wednesday.
>>
>> Is it possible I can come this week to pick up the requested documents? Also would you be able to send those documents to him?
>>
>> I do understand that Arthur is not your only client but he also called your office and spoke to someone who stated they would get him the documents and send the message over to you about the visit. It seems to be some type of disconnect and he feels like with the upcoming appeal process he does not want to have that disconnect especially going to a facility where the communication will be little to none.
>>
>> If you prefer to respond to my email that is fine but if you would like to contact me it
>>
>> I hope to hear from you soon.
>>
>> Thank you for your time
>>
>> On Wed, Oct 26, 2022 at 11:30 AM                                    > wrote:
>>> Hello,
>>> My name is            I'm contacting you on the behalf of Arthur Rowland. I called your office on Monday requesting a copy of Arthur's judgment and commitment docket sheet and sentencing and reasoning. He also wanted to know if you could visit him this week before he left FDC because he also needed a copy of his judgment and commitment docket sheet and sentencing and reasoning to travel with him.
>>>
>>> I hope to hear from you soon as to when I can come to your office to pick up a copy.
>>>
>>> I also hope you are able to visit him before he leaves FDC to provide him the same documents and he also said he wanted to speak to you about  a few things regarding his appeal.
>>>
>>> Thank you for your time!
>>> --
>>>
>>> [Quoted text hidden]

 

---

### Re: Arthur Rowland 4th follow up

████████ ████████@gmail.com>                                    Fri, Dec 16, 2022 at 11:45 AM
To: <rjf@fuschinolaw.com>

Hello,
I am following up again to see where everything stands at this point. We have not heard back from you for months now via email nor telephone. Are you still Arthur's lawyer for the appeal? I believe he sent you a request to this email to communicate with you through email. Could you look into this? If you are not his lawyer anymore could you at-least let him know so that he can make contact with the correct person.

Thank you

> On Thu, Nov 10, 2022 at 2:54 PM ████████ <████████████████> wrote:
> Hello,
> I am following up again requesting that a copy of Arthur's judgment and commitment docket sheet and sentencing and reasoning be sent to his new facility USP Hazelton at your earliest convenience.
>
>> On Sun, Oct 30, 2022 at 10:26 PM ████████ <████████████████> wrote:
>> Hello,
>> I spoke with Arthur this evening he states he is being moved tomorrow. He's a bit overwhelmed because he had requested to see you before he left to speak with you about a few things and he also needed the paper work that I requested on Monday and in the below email on Wednesday.
>>
>> Is it possible I can come this week to pick up the requested documents? Also would you be able to send those documents to him?
>>
>> I do understand that Arthur is not your only client but he also called your office and spoke to someone who stated they would get him the documents and send the message over to you about the visit. It seems to be some type of disconnect and he feels like with the upcoming appeal process he does not want to have that disconnect especially going to a facility where the communication will be little to none.
>>
>> If you prefer to respond to my email that is fine but if you would like to contact me it ████████████
>>
>> I hope to hear from you soon.
>>
>> Thank you for your time
>> ████
>>
>>> On Wed, Oct 26, 2022 at 11:30 AM ████████████████████ wrote:
>>> Hello,
>>> My name is ████████ I'm contacting you on the behalf of Arthur Rowland. I called your office on Monday requesting a copy of Arthur's judgment and commitment docket sheet and sentencing and reasoning. He also wanted to know if you could visit him this week before he left FDC because he also needed a copy of his judgment and commitment docket sheet and sentencing and reasoning to travel with him.
>>>
>>> I hope to hear from you soon as to when I can come to your office to pick up a copy.
>>>
>>> I also hope you are able to visit him before he leaves FDC to provide him the same documents and he also said he wanted to speak to you about a few things regarding his appeal.
>>>
>>> Thank you for your time!
>>> --
>>> ████████
>> --
>> ████████

[Quoted text hidden]



**From:**       ROWLAND ARTHUR (76947066)

**Sent Date:**  Wednesday, December 28, 2022 4:50 PM

**To:**         Rowlandarthur40@gmail.com

**Subject:**    Arthur Rowland 12-28-2022

Mr.. Fuschino, this Arthur Rowland, I've made several attempt to contact you, is everything ok? My family has tried to call you and appear at your office all attempts have unsuccessful. Are you mad at me or something? Did I do anything to offend you? If so i apologize. Any updates on my transcripts? I had an idea, can you please ask the courts to give us a copy of the transcripts for the telephone conference that occurred on 10-15-22. I tried to order them myself but they told my family that you have to get them because that telephone call was sealed. I believe that those transcripts are important and can help us when we raise our conflict/ speedy trial issue. During that phone call someone from the board of ethics told Mr.. Sciolla ,that he could not represent me. Everything else that was discussed came out during my sentencing so I don't think that it should be that difficult for us to get those transcripts now. Also, something else occurred to- the prosecutor admitted during my sentencing that they interviewed Pressely, 4 times in April of 2019. The government knew that Mr.Sciolla, represent Presley, on 2 prior cases. So it was their duty to raise the conflict way back then  when Banks initially mentioned Mr.Sciolla, in January 2019 and when they started investigating me and Mr.Sciolla, after speaking to Presley.

English Español

Terms and Conditions   FAQ   Customer Suppo

© 2008-2022 Advanced Technologies Group,

From:  ROWLAND, ARTHUR

**Arthur Rowland   12/31/22**

Dec 31, 2022 at 3:20 PM

Dear: mr. Fuschino, I just read the judges decion on The speedy trail motion that you filed on 2/11/22. he said, " that the delay caused by discovery of defense counsels conflict of interest is far more attributable in the Baker analysis to Rowland and his prior attorney than the government. Rowlands prior counsel was responsible for policing his own ethical concerns'

How when the government kept a secret. They even filed a protective order on 1/20/20 specifically tailored so that Mr. Sciolla couldn't find out... They said that he wasn't allowed to see certain materials until right before trail and he had to do so at the DA office under their supervision. The governent went through great lengths to keep this information away from. Look at at the speacial protective order that the government filed on 1/20/22

1 of 3

From:  ROWLAND, ARTHUR

**Arthur Rowland**

Dec 31, 2022 at 3:37 PM

Dear; Mr.. Fuschino, I have a quick question. Will you be bringing up ineffective counsel on my Direct against Mr.. Sciolla for withdrawing from my suppression motion and failing to bring up the fact that that I had legal standing because my name was on the lease and The judge abused his discretion by trying to make me get on the stand at my suppression hearing? Also I wanted to know, if the government knew that my lawyer had a conflict since January 2019, shouldn't the judge have given me a new chance to file a suppression with my new attorney.  I know that I'm annoying you but I'm fighting for my like and this is all I can think about. Please respond.

3:48

From: ROWLAND, ARTHUR

**Arthur Rowland  1/3/23  Sentencing transcripts**

Jan 3, 2023 at 3:22 PM

Enclosed is a PDF/copy of my sentencing transcripts. Can you please send me the Pdf of the transcripts of our first trail and the transcripts of the surpression hearing done by Mr.Sciolla. thank you

   

From: ROWLAND, ARTHUR

**Arthur Rowland    1/3/23**

Jan 3, 2023 at 3:21 PM

Enclosed is a PDF of the pretrail confrence that took place on 10/13/21. Please read from page 40 on through. Here are the transcripts where Mr.ASciolla argued to have the jury hear about Banks prior cooperation with the FBI. He also argued that it may have been a potential Brady violation. Quick question. Did the judge abuse his discretion by not allowing us to question Banks about his prior informant status? Is that a violation of the confortation cluase? Please don't forget to get the sealed telephone conference transcripts. Thank you






9:09 

Done    🔒 corrlinks.com    AA  ↻

# Corrlinks

**Date**

1/13/2023 8:36:40 PM

**From**

ARTHUR ROWLAND (76947066)

**Subject**

Arthur Rowland 1/13/23

**Message**

Mr... Fushcino, I came across a case that similar to mines dealing with the confrontation clause. United States v. Linda Lee Chandler 326F.3d 210;2003 U.S App. LEXIS 7039;61 Fed. Evid. Serv. (Callaghan)67  NO.01-2572

Mr.. Fuschino can you please email me or family a copy of the PDF containing my transcripts from our first trail?  Also, I am begging you to send me a copy of the new transcripts as soon as you get them. You don't have to send me a paper copy just send me or my family The PDF and I'll take the responsibility of getting the paper copy. Thank you

 Return to Inbox

**Reply**

Logout

© 2008-2022 Advanced Technologies Group, LLC. All Rights Reserved.

<  >        

7:33    .ull 🔌 72

# Corrlinks

**Date**

2/5/2023 12:49:56 PM

**From**

ARTHUR ROWLAND (76947066)

**Subject**

Arthur Rowland 1/5/23

**Message**

Can you please get the p[hone call from 10/15/21 transcribed

 Return to Inbox

 **Reply**

**Logout**

© 2008-2022 Advanced Technologies Group, LLC. All Rights Reserved.

A A    🔒 corrlinks.com    ↻

**Art Rowland**

| | |
|---|---|
| **From:** | ROWLAND ARTHUR (76947066) |
| **Sent Date:** | Tuesday, February 7, 2023 4:05 PM |
| **To:** | Rowlandarthur40@gmail.com |
| **Subject:** | Arthur Rowland 2/6/23 |

I was looking through my notes and I realize the government neveer disclosed to us in Banks plea agreement or anywhere else what kind of deal they gave him for giviivng them the 11 pounds of meth at his house or why they didn't charge him. Is this a potential Brady issue?

When Curshawn Banks was arrested on12/14/18. He told Fbi agents that he shipped 11 pounds of Meth on 12/13/18 to his apartment sing US postal and Fed Ex. Agents recovered those boxes

On 12/17/18 agents recovered FED EX BOX#784411496166 Being sent to 5638 Hazel avenue. Phila,Pa. Containing 1995.81 grams of meth
on 12/19/18 agent recovered FED EX BOX# 78441146579 being sent to 1500 Locust st. Phila,Pa. containing2376.82 grams of Meth
On12/19/18 agent recovered US POSTAL BOX 9505526545138346091560 Being sent to 1500 Locust st. Phila,Pa. containing 1451.5 grams of Meth
This would've shown Bais...Why wasn't he charge? Why didn't the jury get to hear this. This amount of Meth carries a LIFE sentence..

sh [Español](#)

[Terms and Conditions](#)   [FAQ](#)   [Customer Supp](#)

© 2008-2022 Advanced Technologies Group



AA   🔒 corrlinks.com   

  

# Corrlinks

**Date**

2/7/2023 4:05:23 PM

**From**

ARTHUR ROWLAND (76947066)

**Subject**

Arthur Rowland 2/7/23

**Message**

Please  contact / communicate with me before you put my appeal in. I want to make sure that I get all of my issues in. Thank you

 Return to Inbox

Reply

Logout

© 2008-2022 Advanced Technologies Group, LLC. All Rights Reserved.

 

---

**ARTHUR ROWLAND**

---

███████████@gmail.com>                                                      Mon, May 1 at 7:23 PM
To: Richard J. Fuschino, Jr. <rjf@fuschinolaw.com>

Hi,
Just checking in on any progress with his request also to check in to see has there been and update on his appeal.
[Quoted text hidden]

 Gmail

 @gmail.com>

---

**Arthur Rowland**

@gmail.com>                                                                   Wed, May 3 at 7:12 PM
To: Richard J. Fuschino, Jr. <rjf@fuschinolaw.com>

Hello,
I received and email from Arthur today and he asked me to reach out to you. He's extremely overwhelmed not knowing
what's going on with his appeal. He feels like he's been left out to dry. Is there something we (as a family) can do to help
you and him have a better relationship and communication with you during this appeal process? He had three issues
that he felt needs to be addressed in his appeal

1. Argument to get his suppression rights back on his direct appeal. His old lawyer withdrew
his suppression motion but he never waived his suppression. How did the judge make a
ruling on a issue that was never argued? Also did the judge abuse his discretion by not
allowing his you to file a suppression motion. New lawyer, new strategy...Also the
government knew that a potential conflict between him and his old lawyer existed at the
time of the suppression hearing so everything that lawyer filed shouldn't stand because of
the conflict of interest.

2. Argument to strengthen his speedy trial violation. The government tried to blame the
delay on his old lawyer. But the government knew about the delay for 3 years and waited to
the day of trial to bring up this conflict. The government are officers of the courts too they
had a duty to make the courts aware of this potential conflict as soon as they became
aware of it in January 2019.

3. Argument on how the judge may have abused his discretion and violated the confertation
clause by not allowing the jury to hear about Banks previously being fired by the FBI for
lying.

During the first trial when Banks was on the stand he open the door for us to be able to
question him about this. You had a heavy heated sidebar about this issue. The judge denied
it again.

4. He also asked me to ask did they violate Brady by not disclosing in Banks plea
agreement why they didn't charge him with the 11 pounds that he gave them.

If you could please respond to this email and I will forward it to him or could you please
respond to him via mail

Arthur Rowland #76947-066
USP Hazelton
PO Box 2000
Bruceton Mills, WV 26525

Thank you

# Art Rowland

**From:**    ROWLAND ARTHUR (76947066)

**Sent Date:**    Friday, May 26, 2023 7:34 PM

**To:**    Rowlandarthur40@gmail.com

**Subject:**    Richard Fuschino 5/26/23

ISSUE#1
Judge mooted with prejudice supperssion motion after defense withdraw motion and requested that it not be heard

Standard Governing Appellate reveiw-"ABUSE OF DISCRETION"
This standard applies most often to many pretrial rulings, trial management issues, and the admissibility of evidence When applying this standard the court pf appeals will uphold the district courts ruling unless no reasonable judge could have made it. This is a very high threshold and it applies to most rulings made in a case. Even if the appellate judges would have made a different ruling if had the trial judge they will not second guess the district court judge if there is areasonable basis in the record the ruling

Verdict: This was a clear abuse of discretion for the judge to have mooted the suppression motion with prejuice:

: On November 4, 2019, at the suppression hearing defense attorney Mr. Sciolla asked to withdraw the motion [ See, Case, 2.18 - Cr - 00579 - GJP, documetnt 387 page 3 of 9 lines 7-16, as annexed here with and incorporated by this reference]

Although counsel asked to withdraw the motion and [at page 4 of 9 lines 23 - 43 that he answered no to an attempt to reserve the abilty to raise the issue again]; counsel had a right to the withdrawal and to have the issue brought up at some later date depending on new developments,
- Note a withdraw of the motion doesn't constitute an express waiver of an issue.

Ther are two ways by which Mr. Rowland could have waived his claim on the motion to suppress; (1) failing to raise an issue in the District Court before or at trial, see., United States v. Karlin 785 F.2d 90, 92 - 93 (3rd Cir. 1986), or (2) failimg to identify or argue an issue in his opening bref on appeal, se United States v. Pelullo, 399 F. 3d 197, 722 (3rd Cir. 2005)

When you delve back into the procedural history of the case clearly defense new counsel on Febuary 5, 2022. attemptd to litigate the claim and was denied due to the previous withdraw being mooted with prejudiced. Mr. Rowland had never had these issues litigated and the reason Mr. Rowland had decided to wait until a later date or at trial to renew the suppression. is because the defense

# Art Rowland

---

**From:**        ROWLAND ARTHUR (76947066)

**Sent Date:**   Friday. May 26. 2023 8:19 PM

**To:**          Rowlandarthur40@gmail com

**Subject:**     Richard Fuschino 5/26/23

Cont'd

knew that it would be revealed in the government cse that Mr. Rowland was never connected to the home under question as it related a nexus for illegal conduct, which would have made Mr. Rowland suppression motion more likey to succed.

Second: On November 4. 2019. where counsel Guy R. Sciolla moved to withdraw the motion. the government had a duty to inform the court that a conflict of interest had came up wit Mr. Rowland [and Mr. Sciolla because the government's main witness had implicated Mr. Sciolla into the conspiracy in a proffer in January of 2019].

[Therefore prompting the court to not allow Guy R. Sciolla to represent Mr. Rowland at the suppression hearing due to a conflict of interest]. However the government stood silent on that issue. Constructively denying Mr. Rowland his  Sixth Amendment Right to counsel as a constitutional guarantee... at a critical stage... The spreme Court has explained that a constructive denial of counsel accurs when the defendant is deprived of the "guiding hand of counsel". Powell v. Alabama. 287 U.S. 45. 69. 53 S.Ct. 55. 64 (1932).

This brand of Sixth Amendment violation has occurred in cases involving the absence of counsel from the courtroom. conflicts of interest. e.g. between counsel and the defendant. and official interference with the defense.

It is well established that failure to raise an issue in the district court constitutes a waiver of arguement. 927 F.2d 1283 1289 (3d Cir. 1991) [Brenner v. Local 514. UNited Bhd. of Carpenters and joiners of Am].

Here Mr. Rowland attemptd to litigate the suppression motion. THe question moreso/did the judge abuse his discretion by mooting with prejudice a withdrawal of a defendant motion to suppress. and denying the new atorney the right to litigate the suppression

# Art Rowland

---

**From:**      ROWLAND ARTHUR (76947066)

**Sent Date:** Friday, May 26, 2023 9:34 PM

**To:**        Rowlandarthur40@gmail.com

**Subject:**   Richard Fuschino 5/26/23 Second issue

ISSUE# 2
The abused his discretion and violated the confrontation clause by not allowing the defense to cross examine Banks the governments star witness about previously being fired as an FBI informant for not being truthful and forthcoming. This is information that the jury should've been allowed to hear which would've shown bias. (See Docket no.326) Page 41-51. Also see Docket No.335. Pages 111- 130

# Art Rowland

---

**From:**        ROWLAND ARTHUR (76947066)

**Sent Date:**   Saturday, May 27, 2023 7:19 PM

**To:**          Rowlandarthur40@gmail.com

**Subject:**     Richard fuschino 5/27/23

See United states of America VS Linda Lee Chandler 326F 3d 210, 2003 U S App Lexis7039.61 Fed R

Case is similar to mines in regards to the confrontation clause

Also can you please request to get the telephone conference that took place on10/15/21 Docket no.339 unsealed and transcribed I'il pay for it.

# Art Rowland

**From:**      ROWLAND ARTHUR (76947066)

**Sent Date:**  Saturday, May 27, 2023 8:36 PM

**To:**        Rowlandarthur40@gmail.com

**Subject:**   Richard Fuschino 5/27/23

ISSUE#3
The government violated my speedy trial rights...

On October 15,2021 during a telephone conference(See Docket No.339) The government was told by the "higher Ups" That the conflict that existed between me and my then attorney Mr. Guy R. Sciolla was un waivable (See Docket No. 339 page 25 lines 17 and 23) So this delay is not on the defense...

   The government Knew that this conflict existed since January 2019 And did not make my then attorney Mr.. Sciolla aware that we were both being investigated for a separate case  until right before jury selection. The government argued that My attorney was responsible for his own ethical concerns , although this maybe true ,the government are officers of the Court as well and had an ethical duty to notify the courts of this potential conflict 3 years prior. This tactical delay hinder my defense severely.

The government admitted in their response that they knew of Conflict and Tailored a unique protective order on January 20,2020 (Docket No.190)

The government knew about this Conflict at My Suppression hearing as well
The government also lied in its response  This case was never designated as Complex

On October 18,2021(Docket 342) Judge Pappert asked Mr.. Shapairo "Was this case ever designated complex" Mr. Shapairo answered "NO" ( See page 24 Lines 8 and 10)

# Art Rowland

**From:**        ROWLAND ARTHUR (76947066)

**Sent Date:**   Saturday, May 27, 2023 8 34 PM

**To:**          Rowlandarthur40@gmail.com

**Subject:**     Richard Fuschino 5/27/23

ISSUE#4

I believe that we maybe able to raise a Brady claim because Mr.Sciolla preserved it . (See Docket No.335 pages 11-130) &(Docket No.326) The government never disclose to the defense or the jury why they didn't charged with the 11 pounds of methamphetamines' that he told the FBI that he mailed to his house using FED EX and US Postal. None of this was disclosed and his plea agreement which would've shown bias

# Art Rowland

---

**From:**       ROWLAND ARTHUR (76947066)

**Sent Date:**  Friday, June 23, 2023 2:05 PM

**To:**         Rowlandarthur40@gmail.com

**Subject:**    Arthur Rowland 6/23/23 To. Richard Fuschino

these are the issues that i want to raise on my appeal ..

1. District court Abused its discretion by prohibiting cross Examination of Testifying Co-conspirator as to bias and Motive where the jury might have viewed the co-conspirator credibility differently had cross examination been allowed.

2. Appellants rights to a speedy trial were violated

3. District court abused its discretion and Erred by making an adverse ruling with prejudice on appellants suppression motion after he withdrew the motion and by finding the defendant waived his suppression hearing.

4. Whether Appellants " Brady " Rights were violated when the government failed to disclose information pertaining to co- conspirators co-operation.

5. Whether the prosecutor committed prosecutor misconduct and Government interference when they failed to disclose a (3) year investigation involving the Appellant and his Trial counsel.

# Art Rowland

| **From:** | ROWLAND ARTHUR (76947066) |
|---|---|
| **Sent Date:** | Tuesday. June 27. 2023 3.50 PM |
| **To:** | Rowlandarthur40@gmail.com |
| **Subject:** | Arthur Rowland...6/23/23 statement of issues |

Statement of issues

1. Trial Attorney did not know how much of what he didn't know as to Co-Conspirators Co-operation was Brady Material     because documents provided by the Government provided  that there may not be sufficient Effort on the Governments     part to disclose. Specifically , documents indicated that the cessation of Mr... Banks service as a confidential source wasn't

   fully forthcoming . that the Government refers to Mr... Banks in a number of documents that they used in this case,      including applications for the tap and the Pen Register. and that they were used after Mr... Banks prior cooperation and

   to his termination as a confidential informant in 2014. district court ruled that defendant could not attain these brady documents.

2. The district court violated the appellants speedy trial right when they continued the Appellants trial on _____.
   the Appellant specifically attributes the delay of the January 6, 2020 trial date to the government. in essence the court granted a delay for the trial date for two reasons, neither of which is attributable to the defendant and which the Appellant suggests should weigh heavily against the Government. Second appellant contends that the delay of the October 15, 2021 trial date should weigh heavily against the Government, Specifically a fair reading of the transcripts for this continuance shows that the government was aware of any potential conflict arising with the appellant for several years and insisting that a conflict arose at the 11th hour created an undue delay , and a substantial prejudice to the Appellant

3. the district court abused its discretion and Erred by making an adverse ruling with prejudice on appellants suppression motion after he withdrew the motion and by finding defendant waived his rights to this hearing . Specifically , the Appellant contends for a waiver to be valid the right said to have been waived must be waivable , and the defendant must participate personally in the waiver and the Defendants choice must be particularly informed and voluntary , this is not the case hear, this is because Appellants counsel was in conflict with the defendant at the time of the hearing and the government and Appellants Trail Counsel were Aware of the conflict but the Defendant was not . this prejudiced the defendant because at the time the Government alleges trial counsel waived his suppression rights both the defendant and trial counsel were being investigated by the FBI for a Murder for hire conspiracy and the Government counsel in this underlying case were aware of the conflict . however failed to inform the court or the Defendant as to this issue .. rather the Governments counsel omitted this information because withdrawing the motion to suppress was in there favor . furthermore, the Appellants Trail counsel MR. Sciolla advised the court that " i think the ultimate option belongs to the Accused"  ( the Defendant )

4. Appellants " Brady " rights were violated when Governments counsel failed to disclose the Disposition of Co-conspirator "Banks" Drug-Trafficking conduct that resulted in (11) pounds of Methamphetamine being seized and failed to disclose information pertaining to co-conspirator cooperation as a CI for the FBI . Which the jury might have Viewed the coconspirator credibility differently had the Government disclosed this information.

5. The Government committed prosecutor misconduct and Government interference when they failed to disclose a (3) year investigation involving the Appellant and his trail counsel on criminal Charges separate from this underlying case resulting in a violation of his 6th amendment right to competent trial counsel at the pre-trial stage.

6.the district court Erred in denying Appellants motions for Acquittal following the Appellants Trial

7. The trial court and the Government Erred when they committed Indictment variance by Adding the element of "Knowledge of status " in the jury instructions which were not alleged in the indictment .

 

---

## Re: 7/5 correspondence from Arthur Rowland

---

@gmail.com>                                                                                                          Wed, Jul 5 at 4:31 PM
To: Richard J. Fuschino, Jr. <rjf@fuschinolaw.com>

Hello,
Please see attached for a correspondence from Arthur Rowland on 7/5. Could you please respond to this email and/or reach out to Arthur, we have not heard anything back from you since October 2022. His briefing date is 7/26 and he is a bit nervous not knowing how this is about to go since he has not touched base with you. He has been sending correspondence asking for you to send him things and issues he would like to raise at the briefing but we have no knowledge if you are even reading these emails or not. We have reached out via email, phone, tried visiting your office reached out to the courts to no avail.

On Tue, Jun 27, 2023 at 4:58 PM                            @gmail.com> wrote:
  Please see attached

# Art Rowland

B Discussion

When banks was arrested on 12-14-18 , he told agents that he shipped (11) pounds of meth on 12-13-18 using U.S. postal and fed ex . agents recovered those boxes , specifically , on 12-17-18 agents recovered fed ex box # 784411496166 being sent to a 5638 hazel ave phila, pa containing 1995.81 grams of meth.
On 12-19-18 agents recovered fed ex box # 78441146579 being sent to 1500 locust st, phila, Pa containing 2,376.82 grams of meth.

on 12-19-18 agents recovered a u.s. postal box # 9505526545138346091560 being sent to 1500 locust st , phila PA containing 1451.5 grams of meth.

Banks was never charged with the above conduct nor was he charged as a co-conspirator to the crimes alleged in 14 Q, especially when he had access to 14 Q and admitted to being responsible for the packaging and sending of all controlled substances In Banks Vs  Dretke, 540 U.S 668 ( 2004 ) the supreme court rejected the states argument that no brady violation occurred because the witness was heavily impeached at trail, and thus , that his status as a paid informant would have been merely cumulative impeachment evidence.

IN Van Arsdall , the state trial court had barred defense counsel from cross- examining a prosecution witness about the states agreement to dismiss the witnesses pending drunk driving charge in exchange for his testimony against the defendant, the supreme court held that by cutting off all inquiry into " an event " ... that a jury might reasonably have found furnished the witness a motive for favoring the prosecution in his testimony, the trial courts ruling deprived the defendant of his right to cross-examination secured by the confrontation clause, Van Arsdall 475 U.S. 680

following Van Arsdall , circuits generally have agreed that " whether a trial court has abused its discretion in limiting the cross- examination of a witness for bias depends on  " whether the jury had sufficient other information before it. without the excluded evidence , to make a discriminating appraisal of the possible biases and motivation of the witnesses," see Brown vs Powell, 975 F.2d 1,4 ( 4th Cir. 1992 ) See also U.S. Vs turner, 198 f.3d 425, 429 ( 4th Cir. 1999) ( to prohibit the cross examination of a prosecution witness " on relevant examination of bias and motive ... if the jury is precluded from hearing evidence from which it could appropriately draw adverse inferences on the witness's credibility ")

At the 10-7-21 status hearing, counsel for the defendant told the courts the following: " He (Banks) was opened as a confidential informant by the FBI ... in December 2014 he was closed as an informant because.. federal agents, were concerned that he was not fully forthcoming and because he was arrested for unrelated conduct while cooperating, So Mr..    Sciolla and i believe that that is relevant , not just for propensity , for truthfulness, but for under 404 motive to fabricate, specially if Mr. Banks , in 2014 had made attempts to cooperate with the federal government , with the FBI , and they closed him out like Mr.. Sciolla said because either he was not forthcoming or not credible, now when he is arrested in 2018 by the federals government and ha wants to cooperate agene...— he has more motive to give as much information as he can because he has already been deemed by that agency to be not forthcoming , not credible , so , its our position ... now that Mr. Banks has incentive to say what he knows, what he may not know,  and to fabricate .. because he wants to give the government every single shred of things that he can ... and even if he doesn't have enough— or enough information, he can make up certain things to satisfy the government that now he's not withholding information like he was in the past ... your honor, because i mean the government has not provided me with anything related to that other then the one document they just provided to you  your honor .

Because the united states failed to disclose information related to Banks cooperation the appellants due process rights have been violated and  therefore his conviction and sentence must be vacated.
Applying the united states failure to the standard adopted by the supreme court in Stickler vs Greene, 527 U.S. 263, 281-82 ( 1999) , the evidence of banks cooperation in 2014 not being truthful and having motive to lie- certainly is exculpatory (2) the Evidence was certainly known to the united states (3) Evidence of Banks not being forthcoming, lying, and commiting New offenses while cooperating and motive to lie – would have went a long way in planting the seed of reasonable doubt into the minds of the jury as to appellants involvement ibn the conspiracy.

# Art Rowland

| | |
|---|---|
| **From:** | ROWLAND ARTHUR (76947066) |
| **Sent Date:** | Wednesday, July 5, 2023 4:05 PM |
| **To:** | Rowlandarthur40@gmail.com |
| **Subject:** | Arthur Rowland 7/5/2023 part 2 |

V.

the Government committed prosecutor misconduct and Government interference when it failed to disclose a ( 3) year investigation involving the appellant and his trial counsel on criminal charged separate from the underlying case resulting in a violation of appellants 6th amendment right to trail counsel at the pre-trial stage .

(A) Standard of review

(b) Discussion .

Courts have explained that a constructive denial of counsel occurs when the defendant is deprived of the " guiding hand of counsel." See (Powell Vs. Alabama , 287 U.S . 45, 69, 53 S.ct 55, 64 (1932 ) . this sixth amendment violation occurs in cases involving the conflict of interest between counsel and defendant and official interference with the defense. In Addition , constructive denial, also will be found when counsel fails to subject the prosecution's case to meaningful adversarial testing see ( Cronie , 466 U.S. At * 659 )
appellant contends that the Government violated his sixth Amendment right constructively by knowing a " conflict of interest " existed between appellant and his trial counsel bases off the " proffer " with banks .

The Government knew Appellant and his trail counsel were in a conflict of interest based off a proffer that occurred with banks in which he alleged that appellant and his trial attorney were involved in criminal activity. and for (3) years the Government knew of this information and failed to disclose this to the court and defendant.

So, the Government for (3) years built their trial case against the appellant , For (3) years the government allowed the appellant to think he and his trail attorney for (3) years were working on a defense strategy, however, the government knew that the Appellant would not be able to go to trial with this Attorney since the proffer of banks . because they knew a conflict existed and the court would advise the appellant to get a new Attorney once they disclose the information of the proffer.

# Art Rowland

**From:**       ROWLAND ARTHUR (76947066)

**Sent Date:**  Wednesday, July 19, 2023 9:36 PM

**To:**         Rowlandarthur40@gmail.com

**Subject:**    Richard Fuschino 7/19/2023 from Arthur Rowland

Can you point me to the record where the judge denied you to cross examine Curshawn Banks about his prior status as an FBI informant? Can we argue this under a violation of the confrontation clause?

Can you send me a copy of Banks plea agreement? I believe that the government never disclosed to the defense the deal that he receive for the 11 pounds of Meth that he mailed to his house on the day that he was arrested.

Can you please get the telephone conference from 10/15/21 unsealed so that i may have that conversation transcribed. I believe that phone call will help me with my speedy trial issue. Because "the people from Washington" said that my conflict was un waivable during that phone call

During my conflict colloquy Judge papport asked DA Shapario "was my case ever deem complicated". Shapiro answered,"NO"
I believe that will help out my speedy trial argument as well

 

## Briefing

████████████@gmail.com>                                          Wed, Jul 26 at 8:15 PM
To: Richard J. Fuschino, Jr. <rjf@fuschinolaw.com>

Hello,
I checked his docket today and see that you filed his briefing could you overnight him a copy. I tried to make copies myself however I only have access to volume 1. The others are locked, if there is a work around please let me know and I will send it to him myself.

Thank you!

On Thu, Jul 20, 2023 at 9:50 AM ████████████@gmail.com> wrote:
  Please see attached

Arthur Rowland
Reg # 76947-066
USP Hazelton
Bruceton Mills, WV 26525

U.S. MAIL

The Clerks of Court
United States Courts of Appeals
for the Third Circuit
21400 US Courthouse
601 Market Street
Philadelphia, PA 19106



AUG 11 20



